**Tufts-New England Medical Center**
*A Lifespan Partner*

TUFTS UNIVERSITY
SCHOOL OF MEDICINE

December 4, 2002

Thomas F. O'Donnell, Jr, MD
*President and*
*Chief Executive Officer*

Lifespan Corporation
167 Point Street
Providence, Rhode Island 02903

Ladies & Gentlemen:

You have entered into the Restructuring Agreement dated as of September 30, 2002, as amended by a Closing Agreement effective November 30, 2002 (as amended, the "Restructuring Agreement"), between Lifespan Corporation, New England Medical Center Hospitals, Inc. and New England Medical Center, Inc. (the "Company"), the sole corporate member of the undersigned New England Medical Center Hospitals, Inc. (the "Guarantor"). Pursuant to the Restructuring Agreement, the Company is obligated to you to make certain payments specified in Section 2.2.3(a) of the Restructuring Agreement (such payments being hereinafter referred to as the "Guaranteed Obligations"). This Guarantee is the guaranty agreement referenced in Section 2.2.3(b) of the Restructuring Agreement.

The Guarantor hereby unconditionally guarantees to you that each of the Guaranteed Obligations will be paid in full in cash when and as the same shall become due and payable, this Guarantee being a guarantee of payment and not of collectibility and being in no way conditional or contingent. In case any part of the Guaranteed Obligations shall not have been so paid in full when due and payable, the Guarantor will, upon written notice by you, pay or cause to be paid to you not later than three days after such notice the amount of the Guaranteed Obligations which are then due and payable and unpaid, and will pay interest on such Guaranteed Obligations from and after the date of such notice (to the extent that interest is not otherwise accruing thereon and guaranteed hereunder) at a per annum rate equal to 18% until such Guaranteed Obligations are paid in full. For purposes hereof, the Guaranteed Obligations shall be due and payable when and as the same shall be due and payable under the terms of the Restructuring Agreement notwithstanding the fact that the collection or enforcement thereof may be stayed or enjoined under Title 11 of the United States Code, as from time to time in effect, or other applicable law.

The Guarantor represents that it has discussed with its counsel the various defenses that may be available to a guarantor or surety under law, and, to the fullest extent permitted by law, the Guarantor waives each and every defense (other than payment) which may be available to it in respect of its obligations under this Guarantee and covenants that this Guarantee will not be discharged except by complete payment and performance of the Guaranteed Obligations as provided above. Without limiting the generality of the foregoing, the Guarantor hereby waives presentment, demand for payment by the Company, protest of nonpayment, (except as provided above in this Guarantee) all demands and notices of any type, including notice of acceptance of this Guarantee, of reliance hereon, and of any default under or failure to honor the Guaranteed

Obligations, and any requirement to proceed first against the Company. In addition, to the fullest extent permitted by law, the Guarantor agrees that this Guarantee shall be enforceable against the Guarantor irrespective of (i) any amendment to, modification of, waiver of compliance with, renewal of, or extension of the time for payment of, the Guaranteed Obligations, (ii) the validity or enforceability of the Guaranteed Obligations against the Company, (iii) any release, delay in obtaining or realizing upon, or any failure to obtain or realize upon, collateral (if any) for the Guaranteed Obligations, (iv) any delay in pursuing or failure to pursue or exhaust rights or remedies against the Company or any other obligor in respect of the Guaranteed Obligations or any lack of diligence or promptness in connection therewith, or (v) any action or non-action which may impair or prejudice subrogation or other rights of the Guarantor or increase the Guarantor's risk hereunder.

The Guarantor acknowledges and agrees that it has made such investigation as it deems desirable of the risks undertaken in entering into this Guarantee and hereby waives any obligation on your part to inform it of such risks or any changes therein or of matters affecting the business, operations, or condition, financial or otherwise, of the Company.

If you are required by any court or otherwise to return to the Company or the Guarantor (or any representative thereof), any amount of the Guaranteed Obligations, then the Guarantor's obligations hereunder in respect of the pertinent Guaranteed Obligations, to the extent theretofore discharged, shall be reinstated. The Guarantor hereby agrees that it shall not be entitled to any right of subrogation in relation to the Company in respect of any of the Guaranteed Obligations until payment in full of the Guaranteed Obligations.

If the Guarantor shall fail to pay its obligations under this Guarantee when and as such obligations are required to be paid hereunder, the Guarantor will pay all costs and expenses incurred by you in enforcing this Guarantee, including interest accruing under the second paragraph of this Guarantee, and reasonable attorneys' fees, whether or not the Guarantor shall actually institute a proceeding in connection with such enforcement.

The Guarantor hereby acknowledges that you are relying on this Guarantee in entering into and performing your obligations under the Restructuring Agreement and that this Guarantee may not be revoked in whole or in part. Subject to the immediately following sentence, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns, each of which such successors and permitted assigns shall be deemed to be a party hereto for all purposes hereof. No party may assign, delegate or otherwise transfer this Agreement except in connection with a permitted assignment, delegation or transfer of the Restructuring Agreement in accordance with the terms set forth therein, but no assignment shall release the Guarantor of its obligations hereunder. The invalidity or unenforceability of any provision hereof shall not affect the validity of any other provision hereof. This Guarantee may be amended, waived, or modified only by a written agreement between the parties hereto, may be executed in counterparts, and shall be governed by the internal laws of The Commonwealth of Massachusetts.

This Guarantee is executed under seal.

Very truly yours,

NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.

By____________________
Malcolm Sherman
Title: Chairman

By____________________
Thomas F. O'Donnell, M.D.
Title: President & CEO

The foregoing is hereby accepted:

LIFESPAN CORPORATION

By____________________
George A. Vecchione
Title: President & CEO