UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants New England Medical Center, Inc. ("NEMCI") and New England Medical Center Hospitals, Inc. ("NEMCH") (collectively "NEMC") respectfully request that this Court stay all proceedings in this action pending the resolution of the parallel Massachusetts state court action captioned New England Medical Center, Inc. et al v. Lifespan Corporation et al, Civ. A. No. 06-4089-C (Mass Super. Ct.). In support of this motion, defendants submit the accompanying Memorandum of Law.

Dated: November 1, 2006

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,
By their attorney,

/s/ David A. Wollin
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

/s/ David A. Wollin

*398329_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

Defendants New England Medical Center, Inc. ("NEMCI") and New England Medical Center Hospitals, Inc. ("NEMCH") (collectively "NEMC") respectfully submit this Memorandum of Law in support of their motion to stay this action in favor of the Massachusetts state action that involves the same underlying facts. The Massachusetts action is more comprehensive than the present action because it names all of the parties involved in the underlying conduct at issue, while in the present action plaintiff Lifespan Corporation ("Lifespan") did not name Lifespan Corporation of Massachusetts ("LOM") as a party notwithstanding LOM's central role in the events at issue. Further, the Massachusetts action has progressed further than the present action; discovery in the Massachusetts action is already ongoing, while no discovery has commenced here.

As the Supreme Court recognized in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), in situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts, in certain circumstances, it is appropriate for the federal

court to defer to the state court. This case presents such a circumstance. As set forth below, a majority of the *Colorado River* factors support the issuance of a stay in this action in favor of the Massachusetts action. Specifically, this Court should stay this action because (i) this action and Massachusetts State Action are parallel and substantially similar (except that the Massachusetts State Action is more comprehensive), so to allow both to proceed simultaneously will result in the very piecemeal litigation the *Colorado River* doctrine is designed to avoid; (ii) the Massachusetts Court obtained jurisdiction first because the Complaint in this action did not properly allege jurisdiction; (iii) state law controls the claims at issue in both actions and Massachusetts can adequately protect the interests of the parties; and (iv) the two actions cannot be consolidated because the Massachusetts State Action may not be removed to federal court due to the absence of complete diversity.

## BACKGROUND

As of September 30, 2002, NEMC and Lifespan entered into a Restructuring Agreement terminating their affiliation and changing their corporate relationship. A copy of the Restructuring Agreement is attached to the Complaint in this action.

On September 20, 2006, Lifespan filed this action in Rhode Island Federal District Court (hereinafter "this action") alleging that NEMC breached the Restructuring Agreement. Nowhere in that Complaint, however, did Lifespan plead facts sufficient to support a finding that either defendant (NEMCI or NEMCH) is subject to personal jurisdiction in Rhode Island. To the contrary, in the section of the Complaint entitled "Jurisdiction and Venue," Lifespan ignored the issue of personal jurisdiction entirely, and alleged only that this Court has subject matter jurisdiction, based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Because plaintiff

failed to properly plead personal jurisdiction, on September 29, 2006, NEMC moved to dismiss this action for lack of personal jurisdiction.

On September 29, 2006, NEMC also filed a Complaint in Massachusetts Superior Court (hereinafter the "Massachusetts State Action") against Lifespan and Lifespan of Massachusetts ("LOM") to enforce the indemnification provision of the Restructuring Agreement between the parties (the same Restructuring Agreement that is at issue in the present action), as well as to assert claims for breach of fiduciary duty, unjust enrichment and violation of M.G.L. c. 93A. A copy of the Complaint in the Massachusetts State Action is attached hereto as Exhibit A. As that Complaint makes clear, the Massachusetts State Action is more comprehensive than the present action, and implicates all aspects of the parties' obligations to each other pursuant to the Restructuring Agreement, including Lifespan's obligation to indemnify NEMC for certain losses caused by the conduct of Lifespan and LOM during the Affiliation Period. Further, and in contrast to the present action (in which Lifespan did not properly allege personal jurisdiction in its Complaint), in the Complaint in the Massachusetts State Action, NEMC properly alleged that the Massachusetts Court has personal jurisdiction over both Lifespan and LOM. Massachusetts Complaint (Ex. A hereto) ¶ 8.

On October 16, 2006 -- more than two weeks after NEMC commenced the Massachusetts State Action -- Lifespan filed papers establishing personal jurisdiction in this Court by pleading the facts that Lifespan failed to allege in its initial Complaint here.

On October 24, 2006, Lifespan and LOM answered the Complaint in the Massachusetts State Action, (see Exhibit B hereto), and in Paragraph 8 of that Answer, admitted that the Massachusetts Complaint filed on September 29, 2006 properly alleges personal jurisdiction over Lifespan and LOM in Massachusetts.

LOM is not a party to the present action but is a party in the Massachusetts State Action. LOM was created, through NEMC's and Lifespan's affiliation, to act as the sole member of NEMCI and NEMCH, and LOM's conduct forms part of the basis for NEMC's indemnification claim against Lifespan under the Restructuring Agreement. Massachusetts Complaint (Ex. A) ¶¶ 12(b), 15.

Discovery has already commenced in the Massachusetts State Action. NEMCI has served both interrogatories and requests for production of documents on Lifespan and LOM in the Massachusetts State Action. In contrast, no discovery is ongoing in the present action.

**ARGUMENT**

**This Court Should Apply The *Colorado River* Doctrine And Stay This Action Pending The Resolution Of The Massachusetts State Action.**

As the United States Supreme Court recognized in *Colorado River* "in situations involving the contemporaneous exercise of concurrent jurisdiction[]… by state and federal courts it may be appropriate for the federal court to defer to the state court." 424 U.S. at 817. Such deference rests on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952) (affirming decision to stay federal proceedings until Illinois state action concluded)). The decision to stay federal proceedings because of concurrent state litigation remains one committed to the discretion of the district court. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 (1978) (reiterating "the rule that a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court" and upholding the District Court judge's decision to stay federal proceedings pending the outcome of state proceedings).

A stay by a federal court pursuant to the *Colorado River* doctrine "may be appropriate if proceeding with the federal suit would be inconsistent with [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Aetna Cas. & Sur. Co. v. Kelly*, 889 F. Supp. 535, 538 (D.R.I. 1995) (citations and quotations omitted) (granting stay of federal declaratory judgment action pending resolution of parallel state action); *see also Brayton v. Boston Safe Deposit & Trust Co.*, 937 F. Supp. 150, 151 (D.R.I. 1996) (federal court has "discretion to refrain from exercising its jurisdiction when recognized grounds for abstention exist, or alternatively, it may stay further proceedings when that course would promote wise judicial administration") (citations and quotations omitted).

While the Supreme Court declined to prescribe any hard and fast rule for when *Colorado River* applies, the Court enumerated several factors relevant to the decision to stay federal jurisdiction.[1] Specifically, as noted by the First Circuit, relying on *Colorado River* and *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983), there are six factors a court should consider:

> (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

*Currie v. Group Ins. Comm'n*, 290 F.3d 1, 10 (1st Cir. 2002) (quoting *Rivera-Puig v. Garcia-Rosario*, 983 F.2d 311, 320-21 (1st Cir. 1992)).

"The comparative weight assigned to each factor depends on the circumstances of each case." *Aetna*, 889 F. Supp. at 538. The district court is "obligated to make a carefully

[1] The Supreme Court has also held that "an order merely staying the action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition.'" *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 721 (1996) (quoting *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959))

reasoned judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise." *Id.* at 538-39 (quoting *Colorado River*, 424 U.S. at 818-19).

Further, the list of factors is not exhaustive, and the court has the discretion to consider other factors in making its carefully reasoned judgment. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 14 (1st Cir. 1990) (the *Colorado River* doctrine does not provide a mechanical formula, and similar factors have been given varying importance by different courts). For example, the Ninth Circuit has also held that whether the state and federal actions are "substantially similar," *see Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989), is another factor a court can consider. And the Seventh Circuit has found that the availability of removal, *see Microsoftware Computer Sys., Inc. v. Ontel Corp.*, 686 F.2d 531, 537 (7th Cir. 1982), *overruled on other grounds* by *GulfStream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988), and the vexatious or contrived nature of the federal claim, *see Calvert Fire Ins. Co. v. Am. Mutual Reinsurance Co.*, 600 F.2d 1228, 1229, n.1 (7th Cir. 1979) are additional factors a court can consider when applying the *Colorado River* doctrine.

This Court should stay this action because (i) it is parallel and substantially similar to the Massachusetts State Action (except that the Massachusetts State Action is more comprehensive), such that to allow both to proceed simultaneously will result in such piecemeal litigation the *Colorado River* doctrine is designed to avoid; (ii) the Massachusetts Court obtained jurisdiction first because the Complaint in this action did not properly allege jurisdiction; (iii) state law controls the claims at issue in both actions and Massachusetts can adequately protect the interests of the parties; and (iv) the two actions cannot be consolidated because the Massachusetts State Action may not be removed to federal court due to the absence of complete diversity.

A. Because Both Actions Require Resolution of the Same Issues Concerning The Parties' Obligations To Each Other Under the Restructuring Agreement, A Stay Is Necessary To Avoid The Dangers And Inefficiencies Of Piecemeal Litigation

The "paramount" consideration in connection with the *Colorado River* doctrine is the desire to avoid the dangers of piecemeal litigation. *Moses H. Cone*, 460 U.S. at 19. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998)(citing *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). "Concern with piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, not the mere possibility of duplication." *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir. 1991); *see also Liberty Mutual Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 476 (1st Cir. 1985) (giving substantial weight to the possibility that the insurance contract might be interpreted differently in each forum, leaving the insured without sufficient coverage after years of paying premiums).

Here, both the present action and the Massachusetts State Action will require resolution of the same issue: whether NEMC owes Lifespan an additional $3.66 million under the Restructuring Agreement or whether Lifespan owes NEMC more than $3.66 million pursuant to the indemnification provision of that same Restructuring Agreement. Because the two actions could have potentially conflicting rulings on this issue, the threat of piecemeal results is very high, *see Romine*, 160 F.3d at 341, and goes well beyond "routine inefficiency that is the inevitable result of parallel proceedings." *Currie*, 290 F.3d at 10 (citations omitted).

A "suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (citations omitted); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984). "[E]xact parallelism

is not required; [i]t is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340; *Nakash*, 882 F.2d at 1416. Here, both actions will require determinations of the obligations of the parties to each other under the Restructuring Agreement. If anything, the Massachusetts State Action is more comprehensive, in that it involves additional claims (for breach of fiduciary duty, unjust enrichment, and violation of c. 93A), and an additional party (LOM), the entity through which Lifespan acted to harm NEMC, and whose conduct is at issue in the indemnification provision of the Restructuring Agreement. *See DeVona v. City of Providence Through Napolitano*, 652 F.Supp. 683, 689 (D.R.I. 1987) ("the greater comprehensiveness of the state proceeding" weighs in favor of a stay of the federal court action in favor of parallel state litigation). For these reasons alone, NEMC respectfully submits that deference to the Massachusetts State Action is appropriate.

B. The Massachusetts State Court Obtained Jurisdiction First

The order in which the forums obtained jurisdiction also weighs in favor of giving deference to the Massachusetts State Action. Although the present action was filed first, jurisdiction was not obtained here first. To the contrary, in the Rhode Island Federal Complaint, Lifespan failed to properly allege personal jurisdiction or any facts to support a finding of personal jurisdiction. This deficiency was not remedied, and therefore jurisdiction here was not obtained, until October 16, 2006, when Lifespan filed its objection to the motion to dismiss making out, for the first time, a prima facie case for personal jurisdiction. In contrast, in the Massachusetts State Action, NEMC did properly plead personal jurisdiction and facts to support it from the outset, establishing jurisdiction in Massachusetts on September 29, 2006 when the Massachusetts Complaint was filed. Thus, the Massachusetts state court was the first to obtain

jurisdiction -- on September 29, 2006 -- more than two weeks before jurisdiction was obtained in the present Court.

C. Federal Law is *Not* At Issue In Either Action

The Rhode Island Federal Action is based on diversity jurisdiction, and asserts only state law claims (for breach of contract). The Massachusetts State action similarly asserts state law claims only.[2]

Because state law is at issue in both actions, state proceedings are adequate to protect the parties' rights. *See Moses H. Cone*, 460 U.S. at 25-26; *see also Imperial Cas. and Indem. Co. v. Bellini***,** 753 F. Supp. 58, 60-61 (D.R.I. 1991) (concluding that state court was the more appropriate forum because there was no federal question). Indeed, "[a] stay under *Colorado River* is appropriate only where the parties may obtain complete relief in the state court proceedings." *Currie*, 290 F.3d at 12 (holding that a "stay pending the outcome of the state proceedings is the wisest course of action at this time."). That is precisely the case here, as there is no question that the Massachusetts state court can fully resolve all disputes between the parties concerning the Restructuring Agreement. *See Microsoftware*, 686 F.2d at 538.

D. Removal Is Not Available To The Defendants In The Massachusetts State Court Action, So Consolidation Is Not A Viable Option

In the present action, Lifespan a Rhode Island corporation, filed a claim against two Massachusetts corporate entities for damages greater than $75,000, thereby creating diversity jurisdiction in this Court. In the Massachusetts State Action, however, NEMC brought claims against Lifespan, but also LOM, the Massachusetts corporate entity through which Lifespan acted toward NEMC. Lifespan and LOM cannot remove the Massachusetts State Action to

---

[2] The fact that the state and federal actions were filed in two different states does not affect the analysis under *Colorado River*. *See MJT, Inc. v. Adcom Express, Inc*., 39 F.3d 1187 (9th Cir. 1994) (affirming dismissal of case in United States District Court for the Northern District of California, under the *Colorado River* doctrine, in favor of Minnesota state court proceedings.).

Massachusetts federal district court because they cannot meet the complete diversity requirements for jurisdiction. Therefore, the two cases cannot be consolidated in federal court. *See, e.g., GMBB, Inc. v. Travelers Indemnity Co.*, 100 F. Supp.2d 465, 473 (E.D. Mich. 2000) (finding that state and federal proceedings were parallel and that the federal forum would not be a possible forum for all parties because the addition to the federal proceeding of a particular party to the state proceeding would destroy diversity jurisdiction.). Because consolidation is not possible, a stay of the present federal action, based on *Colorado River*, is the only way to avoid the piecemeal litigation that this doctrine is designed to protect against.

E. Discovery Is Already Ongoing In the Massachusetts Action

Discovery is already ongoing in the Massachusetts action. NEMC has served interrogatories and requests for production of documents in that action. In contrast, no discovery is ongoing in the present case -- another factor which militates in favor of a stay of this action.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants Motion For Stay of all proceedings in this action pending resolution of the Massachusetts State Action.

Dated: November 1, 2006

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorneys,

/s/ David A. Wollin___
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Phone: 401.274.7200
Fax: 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

/s/ David A. Wollin

*398329_1.doc*