# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,

Plaintiffs,

SUFFOLK SUPERIOR COURT
C.A. NO. 06-4089-C

v.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.

Defendants.

**DEFENDANTS' ANSWER**

Defendants Lifespan Corporation and Lifespan Corporation of Massachusetts, Inc. hereby answer the Complaint as follows:

Summary of the Action

1. Defendants admit that the plaintiffs accurately described the substance of their complaint but deny that plaintiffs are entitled to any of the relief that they seek.

2. Denied, except defendants admit the provisions of the Restructuring Agreement.

3. Denied.

Parties

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

Jurisdiction and Venue

8. Admitted, except that defendants deny that they caused injury in the Commonwealth.

9. Admitted.

10. Admitted.

Facts

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied, except that defendants admit the provisions of Sections 2.2, 2.2.3 and 7.2 of the Restructuring Agreement.

19. Denied.

Count I

20. Defendants incorporate their responses to paragraphs 1 through 19.

21. Admitted.

22. Denied.

23. Denied.

24. Denied that plaintiffs suffered any losses and that they have any right to indemnification.

Count II

25. Defendants incorporate their responses to paragraphs 1 through 24.

26. Denied. The rights and obligations of the parties were set forth in the Restructuring Agreement.

27. Denied.

28. Denied that plaintiffs suffered any losses and that they are entitled to any relief.

Count III

29. Defendants incorporate their responses to paragraphs 1 through 28.

30. Denied.

31. Denied.

32. Denied that there was any wrongful conduct by the defendants and that plaintiffs are entitled to relief.

Count IV

33. Defendants incorporate their responses to paragraphs 1 through 32.

34. Denied.

35. Denied.

36. Denied.

**Affirmative Defenses**

First Affirmative Defense

By executing the Restructuring Agreement, plaintiffs released all claims against the defendants, including all claims set forth in Counts I through IV.

Second Affirmative Defense

Counts III and IV are barred by applicable statute of limitations.

Third Affirmative Defense

Count IV fails to state a claim upon which relief can be granted on the ground that Chapter 93A is not applicable to the defendants.

Fourth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted on the ground that the Complaint amounts to a compulsory counterclaim that should have been brought in the case of Lifespan Corporation v. New England Medical Center, Inc. et al., C. A. No. 06-421T, United States District Court, District of Rhode Island.

WHEREFORE, defendants demand that the Complaint be dismissed and that they be awarded their costs and reasonable attorney's fees.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.,

By their attorneys,

Deming E. Sherman

Deming E. Sherman (BBO #545395)
John A. Houlihan (BBO #542038)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
FX 401-276-6611

October 24, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October I caused a copy of the within Answer to be served by facsimile and first class mail on:

David A. Wollin, Esq.,
Adler Pollock & Sheehan P.C.
175 Federal Street - 10th Floor
Boston, MA 02110