UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO MOTION TO STAY PROCEEDINGS**

Plaintiff Lifespan Corporation hereby files its Objection to Defendants' Motion to Stay Proceedings.

A Memorandum of Law is filed herewith.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

November 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2006, a copy of the within Objection was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO STAY PROCEEDINGS**

Plaintiff Lifespan Corporation hereby files its Objection to Defendants' Motion to Stay Proceedings.

## Background

The Complaint arises out of the separation of defendants New England Medical Center, Inc. ("NEMCI") and New England Medical Center Hospitals, Inc. ("NEMCH") (collectively "NEMC") from Lifespan Corporation ("Lifespan").

Lifespan is a Rhode Island corporation with its principal office located at 167 Point Street, Providence, Rhode Island. It is a holding company and supporting organization for several affiliated hospitals, including Rhode Island Hospital and Miriam Hospital in Providence, Rhode Island. In October 1977, Lifespan and New England Medical Center, Inc. ("NEMCI"), parent of New England Medical Center Hospitals, Inc. ("NEMCH"), (collectively "NEMC") entered into an Amended and Restated Master Affiliation Agreement ("Affiliation Agreement") pursuant to which Lifespan and NEMC and their respective affiliates agreed to operate as a single health care system under

Lifespan as a common parent. One of the stated purposes of the Affiliation Agreement was to "build together a healthcare delivery system to serve New England . . ."

The affiliation continued until September 30, 2002, when the parties entered into a Restructuring Agreement, and related agreements, pursuant to which NEMC disaffiliated from Lifespan due to changing economic conditions, including changes in the managed care market in Rhode Island and Massachusetts. The Restructuring Agreement provides that "the parties desire to restructure the Affiliation and operate independently from one another" (p. 1). Complaint Ex. A. Under the Restructuring Agreement, NEMC agreed to make payments to Lifespan in the total amount of $3.66 million in January 2006 and January 2007. NEMC has refused to make the payment in January 2006 and indicated that it refuses to make the payment in January 2007. As a result, Lifespan filed the Complaint to collect the sums that clearly are due.

Lifespan commenced suit on September 20, 2006. This is a diversity case. On September 29, 2006, NEMC filed a Motion to Dismiss the Complaint for lack of personal jurisdiction. Lifespan objected to that motion as meritless. On November 9, 2006, NEMC withdrew its Motion to Dismiss. Consequently, jurisdiction of this Court is now established and uncontested.

On the same day that NEMC filed its Motion to Dismiss this Complaint, it filed a Complaint in the Suffolk County Superior Court in Massachusetts against Lifespan and a related entity, Lifespan of Massachusetts, Inc., claiming breach of contract, breach of fiduciary duty, among other claims, related to the affiliation, claims that would otherwise be the subject of a compulsory counterclaim in this case. <u>New England Medical Center, Inc. et al. v. Lifespan Corporation, et al.,</u> C.A. No. 06-4089-C. A copy of the Complaint is attached to NEMC’s motion. In particular, NEMC claims that Lifespan has breached

the indemnification provisions of the Restructuring Agreement, the very agreement that is the subject of the Complaint in this federal action. The filing of the Massachusetts Complaint was an obvious attempt to gain a tactical advantage in Massachusetts by naming an affiliated Lifespan corporation, Lifespan of Massachusetts, Inc., which is a Massachusetts corporation. As a result, there can be no diversity jurisdiction in that case, and Lifespan cannot remove the case to federal court and seek consolidation with this case. Lifespan has answered that case (asserting, among other defenses, the language in the Restructuring Agreement that released Lifespan from all claims) and has filed a motion to place it on the Business Litigation Session. Lifespan has also served a motion to stay all discovery in that case.

## Argument

This Court Should Exercise its Discretion and Deny the Motion to Stay Proceedings.

Citing Colorado River Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), the defendants acknowledge that this Motion is addressed to the sound discretion of this Court. However, the Court in Colorado also stated that "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is *no bar* to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" Id. at 817 (quoting McClellan v. Carland, 217 U. S. 268, 282 (1910)) (emphasis added). The court also noted the "unflagging obligation of the federal courts to exercise the jurisdiction given them," id. at 817 (citing England v. Medical Examiners, 375 U.S. 411, 415 (1964)), and stated that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." Id. at 818. In Currie v. Group Ins. Comm'n, 290 F.3d 1, 9-10 (1st Cir.

2002), the First Circuit stated that circumstances have to be "exceptional" to justify the deferral to a state court, and that the "mere pendency of parallel state litigation does not warrant a stay" in the absence of extraordinary circumstances.

Given that the high hurdle that NEMC must jump over to justify a stay, a hurdle that NEMC cannot surmount, this Court should deny the motion.

We consider the factors set forth Currie, although not necessarily in the order set forth therein, that are material to a stay. We note that in Currie, the issues raised in the federal proceeding were matters of federal law, whereas the issues in the parallel state court proceeding were matters of state law, which is not the case here.

1. This action is prior in time.

This action was filed first. NEMC initially challenged jurisdiction, but since has withdrawn that challenge. Accordingly, this Court has had (diversity) jurisdiction since the Complaint was filed on September 20, 2006.[1] One of the premises of NEMC's motion to stay is that this Court did not have jurisdiction at the time the Massachusetts action was filed. That premise falls now that there is no longer a challenge to the jurisdiction of this Court.

The doctrine of prior action pending is recognized in the Rhode Island courts with respect to actions in the same court between the same parties for the essentially the same causes of actions. Elmasian v. Daley, 142 A.2d 540, 542 (R.I. 1958); Kolc v. Maratta, 319 A.2d 14, 14 (R.I. 1974). While this doctrine does not technically apply here because

[1] NEMC argues that not all the allegations of facts necessary to establish personal jurisdiction were set forth in the Complaint and that when Lifespan filed its Affidavit with substantial facts supporting jurisdiction, it was subsequent to the commencement of the Massachusetts action. However, there is no requirement under the rules that the Complaint contain all facts necessary to establish personal jurisdiction. See Fed. R. Civ. P. 8. In any event, this contention is moot since jurisdiction is now conceded.

the courts are different, the parties and causes of action are essentially the same and the policy should apply.

2. The Claims in Massachusetts Amount to a Compulsory Counterclaim.

This action is a straightforward breach of contract against NEMC for $3.66 million due under the Restructuring Agreement. Under section 2.2.3 the Agreement the payments are due Lifespan (not Lifespan of Massachusetts, Inc.). Indeed, this simple claim will be the subject of a motion for summary judgment since there is no dispute that the sums are due under the clear provisions of the Agreement and that they have not been - and will not be - paid. This Complaint poses no special burden on NEMC to defend this action. And there is nothing to prevent NEMC from pursuing its claims in this action.

The claims filed in the Massachusetts action (assuming that they have any validity) must be asserted by compulsory counterclaim under Fed. R. Civ. P. 13(a) since the claims arise out of the Restructuring Agreement – in particular the indemnity provisions thereof - that is the subject of the Complaint. The Massachusetts action is "more comprehensive" only because NEMC has chosen to litigate these claims in Massachusetts rather than filing them in this action. Indeed, at the appropriate time, a motion will be filed to dismiss the Massachusetts case on this very ground, that it amounts to a compulsory counterclaim that must be asserted here.

While Lifespan of Massachusetts, Inc. ("LOM") is a party to the Massachusetts case, it is not an essential party for such a counterclaim. After the affiliation in 1997, LOM, a Massachusetts subsidiary of Lifespan, served as the sole voting member of NEMCI and NEMCH. As part of the affiliation, those persons serving from time to time as the members of Lifespan Corporation's Board of Directors also served as the Members of Lifespan of Massachusetts, Inc. While LOM was part of the Lifespan corporate

structure, it was not an operating company. The real party against whom these claims are asserted is Lifespan. The presence of LOM in this action is unnecessary for any relief that is sought in connection with the counterclaim.[2]

Even if it were required, LOM easily could be added as a party and Lifespan would not contest jurisdiction of this Court over LOM.

3. This Court will adequately protect the interests of all parties.

There is nothing in the record to suggest that the interests of NEMC will not be protected by this Court.

4. Discovery is not ongoing.

The Massachusetts action is at a very early stage. An Answer has been filed, and a motion has been filed to transfer the case to the Business Litigation Session. While NEMC has initiated certain discovery requests, those requests are the subject of a motion to stay in the Massachusetts action. A copy of that motion is attached as Exhibit A.

5. Other factors

The other factors are essentially neutral. It is agreed that state law governs this action (as is true with the Massachusetts action). The Restructuring Agreement does not require any action under the Agreement to be brought in Massachusetts and does not specify that Massachusetts law applies. Indeed, the Agreement is neutral on these matters – which were a subject of negotiation at the time of the Agreement.

In summary, this motion is nothing more than an attempt to wrest properly invoked jurisdiction away from this Court to gain some perceived advantage in Massachusetts.

---

[2] LOM was a party to the Restructuring Agreement only for limited purposes relating to the unwinding of the corporate structure.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Stay Proceedings should be denied.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. S. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dsherman@eapdlaw.com

November 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2006, a copy of the within Memorandum of Law was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

/s/ Deming E. Sherman