# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,

Plaintiffs,

v.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.,

Defendants.

C.A. NO. 06-4089-C

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants, Lifespan Corporation and Lifespan Corporation of Massachusetts, Inc. move this Court for an order staying all discovery pending further order of this Court on the grounds that it would be wasteful, inefficient and unfair to conduct discovery in this case prior to the resolution of the parties' disputes concerning the appropriate forum for resolving their differences.

In further support of their motion, the Defendants submit the attached memorandum of law.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Superior Court Rule 9A(c)(2) Lifespan respectfully requests an opportunity for oral argument.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.,

By their attorneys,
s/ Deming E. Sherman
s/ John A. Houlihan

Dated: November 16, 2006

Deming E. Sherman (BBO #545395)
John A. Houlihan (BBO #542038)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: 401-274-9200
Fax: 401-276-6611

111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0100
Fax: 617-227-4420

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November I caused a copy of the within Motion to be served on David A. Wollin, Adler Pollock & Sheehan P.C., 175 Federal Street, 10th Floor, Boston, Massachusetts 02110 by facsimile and first class mail.

s/ John A. Houlihan
John A. Houlihan

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,

Plaintiffs,

v.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.,

Defendants.

C.A. NO. 06-4089-C

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendants, Lifespan Corporation and Lifespan Corporation of Massachusetts, Inc. ("Lifespan") seek an order staying all discovery in the above captioned action until further order of the Court on the grounds that it would be wasteful, inefficient and unfair to conduct discovery in this action before the Court addresses and resolves the several disputes between the parties concerning the appropriate forum in which to resolve their differences.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This civil action arises out of a Restructuring Agreement between Lifespan Corporation, a Rhode Island corporation (and its affiliate), and New England Medical Center, Inc., a Massachusetts corporation (and its affiliate) ("NEMC") that was executed in 2002 when NEMC separated from Lifespan's health care system. Prior to the effective date of the Restructuring Agreement, the parties operated as a single health care system under Lifespan pursuant to an

Amended and Restated Master Affiliation Agreement. The affiliation ended in 2002 when the parties decided to operate independently from one another.

In this action, NEMC asserted claims for breach of contract, unjust enrichment, breach of fiduciary duty and violation of Mass. Gen. Laws ch. 93A in connection with actions that allegedly occurred during the affiliation period. Lifespan denied the principal allegations of the Complaint and raised substantial defenses to NEMC's claims. Further, on November 15, Lifespan filed a motion to transfer this case to the Business Litigation Session of this Court.

In addition, on September 20, 2006, 9 days before NEMC commenced this action, Lifespan brought suit in the United States District Court in Rhode Island to collect $3.66 million due from NEMC under the Restructuring Agreement. NEMC initially challenged the jurisdiction of the District Court, but recently withdrew its challenge and conceded jurisdiction. In lieu of its groundless jurisdictional challenge, NEMC then filed a motion to stay the Rhode Island federal case. Lifespan is filing its opposition papers this date.

## II. ARGUMENT

On October 30, 2006, NEMC served Lifespan with Interrogatories and a Request for Production of Documents. Lifespan seeks an order staying discovery in this action until further order of this Court. Lifespan already filed a motion to transfer this action to the Business Litigation Session of the Court, where it clearly belongs under the plain language of Superior Court Standing Order No. 2-06. Upon transfer to the Business Litigation Session, that Court will likely schedule a conference to address discovery and other procedural issues. In addition, at the appropriate time, Lifespan intends to move to dismiss this action, or in the alternative to stay all further proceedings, on the grounds that the claims asserted by NEMC constitute compulsory

counterclaims which NEMC was obligated to raise and try in the prior federal court action pending in Rhode Island.

Under such circumstances, it would be premature, inefficient and wasteful to require Lifespan to commence discovery in this action. Accordingly, in order to avoid the waste and inefficiency inevitably associated with duplicative discovery, Lifespan seeks a stay to allow the parties and the Court to resolve the various pending issues concerning the appropriate forum in which to resolve the parties' respective claims. The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). It necessarily follows that the issuance of an order to stay proceedings, like the one sought by Lifespan here, lies within the sound discretion of the trial judge. Travenol Labs., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985). For the reasons cited in this memorandum, this Court should exercise its discretion and grant Lifespan's motion to stay.

LIFESPAN CORPORATION and LIFESPAN CORPORATION OF MASSACHUSETTS, INC.,

By their attorneys,

/s/ Deming E. Sherman
/s/ John A. Houlihan

Dated: November 16, 2006

Deming E. Sherman (BBO #545395)
John A. Houlihan (BBO #542038)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: 401-274-9200
Fax: 401-276-6611

111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0100
Fax: 617-227-4420

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November I caused a copy of the within Motion to be served on David A. Wollin, Adler Pollock & Sheehan P.C., 175 Federal Street, 10th Floor, Boston, Massachusetts 02110 by facsimile and first class mail.

/s/ John A. Houlihan
John A. Houlihan