UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| Plaintiff, | ) | |
| VS. | ) | C. A. No. 06-421T |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

In its Opposition to the motion of defendants (collectively "NEMC") to stay proceedings, the plaintiff Lifespan Corporation ("Lifespan") concedes, as it must, that this Court has the discretion under the *Colorado River* doctrine to stay this action in favor of the Massachusetts state action that involves the same underlying facts.

Lifespan also concedes, as it must, that the present action is less comprehensive than the Massachusetts state action because Lifespan of Massachusetts ("LOM") is not named as a party in this action, but is a party in the Massachusetts action. Lifespan attempts to overcome this problem by incorrectly suggesting that LOM's inclusion was merely a tactical ploy by NEMC, when in fact, LOM had a central role in the events at issue, was a signatory to the Restructuring Agreement, and was excluded from the present action by Lifespan solely because Lifespan recognized that LOM's inclusion would destroy complete diversity, and therefore terminate the jurisdiction of this Court.

Lifespan also contends that the present suit should take priority because it was first filed, but in fact, the Massachusetts court is where jurisdiction was obtained first, which is the relevant consideration under the *Colorado River* doctrine. Further, even putting aside the time of jurisdiction, the sole reason the present action was filed first was because Lifespan misled NEMC into believing that the parties were still engaged in good faith settlement discussions in the hopes of avoiding litigation. Lifespan should not be permitted to benefit from its inequitable conduct in racing to the courthouse after leading NEMC to believe that it would first be responding to NEMC's good faith settlement proposal. For this reason as well, the application of the *Colorado River* doctrine and the policy objective of avoiding duplicative litigation weighs in favor of a stay of this action in favor of the more comprehensive Massachusetts state court action.

## ARGUMENT

A. This Action Should Not Receive Deference As The "First-Filed" Suit, Because (1) Jurisdiction Was Obtained First in Massachusetts; (2) The "First Filed" Rule Does Not Apply To Lawsuits In Different Jurisdictions And Involving Different Parties; and (3) This Action Was Filed First Only Because Lifespan Led NEMC To Believe The Parties Were Still Engaged In Settlement Discussions

Lifespan argues that this action should receive deference because it was "filed first." This is erroneous because under *Colorado River*, what matters is not which action is filed first but "the order in which the forums obtained jurisdiction." *Currie v. Group Ins. Comm'n*, 290 F.3d 1, 10 (1st Cir. 2002). Here, the Massachusetts State Action was the first to obtain jurisdiction. As set forth in NEMC's principal Memorandum, although the present action was filed first (on September 20, 2006), Lifespan's Complaint did not even allege the existence of personal jurisdiction, so jurisdiction was not obtained in this Court until October 16, 2006, when Lifespan submitted an affidavit to that effect. In contrast, jurisdiction was obtained by the

Massachusetts state court on September 29, 2006, when NEMC filed its Complaint in that action and properly alleged the existence of personal jurisdiction in Massachusetts. Thus, the Massachusetts court obtained jurisdiction first.[1/]

Further, even if the present action is deemed first in time, the doctrine entitling a prior action to deference under certain circumstances applies only where that prior action is for the "same cause and between the same parties within the same jurisdiction." *Elmasian v. Daley*, 142 A.2d 540, 542 (R.I. 1958). Lifespan undisputedly does not satisfy that requirement here, as the two lawsuits: (i) do not involve the same parties (since LOM is a party to the Massachusetts state court action but not the present action)[2/] and; (ii) are not pending in the same jurisdiction.

In any event, even when the first-filed rule is applicable, such as in the context of two parallel federal court actions, "giving priority to the first-filed case is not a rigid rule." *Davox Corp. v. Digital Sys. Int'l*, 846 F. Supp. 144, 148 (D. Mass. 1993). The first-filed rule "is not a per se rule, but rather a policy governed by equitable considerations." S*W Industries, Inc. v. Aetna Casualty and Surety Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987). A subsidiary inquiry of the first-filed rule is whether any special circumstances require deference to the later-filed action. *Id.*

One such equitable consideration is the "sound policy of promoting extrajudicial dispute resolution, and the conservation of judicial resources." *Davox*, 846 F. Supp. at 148 (citing *Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155, 1160 (W.D.N.Y. 1987)). As the *Davox*

---

[1/] Lifespan also argues that NEMC has since "conceded" jurisdiction, but misses the point. Based on the facts alleged in Lifespan's complaint, it failed to allege sufficient facts to establish jurisdiction, reflecting the haste in which Lifespan prepared to file its suit. It was not until after NEMC moved to dismiss this action pursuant to Rule 12(b)(2) that Lifespan alleged sufficient facts to establish jurisdiction in its opposition. Lifespan did not submit this affidavit until well-after NEMC had filed its complaint in Massachusetts where jurisdiction was alleged properly. To the extent that NEMC "conceded" jurisdiction, it was not until Lifespan presented its affidavit.

[2/] Nor can LOM be added to the present action, as to do so would destroy complete diversity, which is the sole basis for this Court's jurisdiction.

court explained, a party "should not be permitted to take advantage of the fact that [the other party] reasonably deferred filing potentially protracted and expensive litigation and, indeed, was perhaps misled into believing it would not be prejudiced by doing so" by the conduct of the other party in connection with settlement negotiations. *Davox*, 846 F. Supp. at 148.

That is the case here. As set forth in the attached Affidavit of NEMC Vice President and General Counsel, Jeffrey Weinstein, in August and September 2006, NEMC and Lifespan were engaged in settlement discussions about the disputes between them, as part of what NEMC believed was a good faith effort to seek to resolve those disputes without the need for costly litigation. *Weinstein Aff.* ¶¶ 2. To this end, during a telephone call on or about September 6, 2006, Mr. Weinstein made a settlement proposal on behalf of NEMC to Lifespan's general counsel, Kenneth Arnold. *Id.* ¶ 4. During that telephone call, Mr. Arnold indicated that he would get back to Mr. Weinstein with Lifespan's response, or words to that effect. *Id.* NEMC delayed filing a lawsuit in Massachusetts state court to enforce NEMC's rights pursuant to the indemnification provision of the Restructuring Agreement in reliance on NEMC's understanding that the parties were engaged in good faith settlement negotiations in the hopes of avoiding litigation and on Mr. Arnold's representation that Lifespan would be responding to NEMC's most recent settlement proposal. *Id.* ¶ 5.

Lifespan never responded to NEMC's settlement proposal, and instead, filed this lawsuit on September 20, 2006. *Id.* ¶ 6. That same day, Mr. Weinstein received a telephone call from Mr. Arnold, who apologetically told him that Lifespan had already filed suit. When Mr. Weinstein expressed his surprise and disappointment that Mr. Arnold did not call first to notify NEMC of Lifespan's intentions, Mr. Arnold stated that he wanted to do so, but was directed not to by his boss. *Id.*

For the same reasons articulated by the *Davox* court, Lifespan should not be entitled to any deference for having filed this action first when the only reason it was able to do so was because it raced to the courthouse after having led NEMC to believe that the parties were still engaged in good faith negotiations to resolve their disputes without litigation. For this reason as well, even though this action was filed first, it should not be afforded any deference on that basis.

B. The Massachusetts State Court Action is the More Complete Action.

More importantly, the Massachusetts state court action is undisputedly the more complete action, as LOM is a party to the Massachusetts action but not the present case. Unable to refute this fact, Lifespan instead tries to cast aspersions on NEMC, arguing that the inclusion of LOM in the Massachusetts suit was somehow an "obvious attempt to gain a tactical advantage in Massachusetts." Lifespan Mem. at 3.

Lifespan is simply wrong. NEMC did not name LOM as a defendant to gain tactical advantage, but rather because LOM was directly involved in the events at issue. Indeed, Section 7.2(y) of the Restructuring Agreement expressly makes LOM's conduct directly relevant to, and the basis for, one component of NEMC's indemnification claim. LOM was the entity through which Lifespan carried out much of its wrongful conduct. LOM was also a signatory to the Restructuring Agreement, so it is no surprise that LOM was named as a party in the Massachusetts action concerning that agreement.

Lifespan perplexingly argues in the alternative that if required, LOM "could be added as a party [here] and Lifespan would not contest jurisdiction of this Court over LOM." Lifespan Mem. at 6. This argument is a non-sequitur because, whether or not LOM consents to personal jurisdiction in this Court, LOM (like NEMC) is a Massachusetts corporation and its addition to the present case would destroy complete diversity. As there is no federal question at issue in this

action, this Court cannot possibly obtain jurisdiction over LOM under the pendent party jurisdiction rule. *See* 28 U.S. C. § 1367(b); *Fisher v. United States*, No. 91-1439, 1992 WL 63516 at *4, n.5 (1st Cir. 1992); *Torres v. Negron Ramos*, 578 F.2d 11, 12 (1st Cir. 1978). Accordingly, whether or not LOM consents to jurisdiction here, the addition of LOM to the present case would terminate this Court's jurisdiction entirely.

Because LOM is a legitimate and proper party, the Massachusetts action is more complete, and should be afforded deference under the *Colorado River* doctrine. *See Currie v. Group Ins. Comm'n*, 290 F.3d 1, 12 (1st Cir. 2002) ("A stay under *Colorado River* is appropriate only where the parties may obtain complete relief in the state court proceedings."); *see Liberty Mutual Insurance Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) (upholding district court's decision to stay and noting that state court action was "the more comprehensive of the two. It involves all of McKesson's insurers and all of the products for which McKesson faces potential liability. California therefore is the logical forum for the determination of the respective rights and obligations of the parties and serves to further the interest of judicial economy.").

C. Lifespan's "Compulsory Counterclaim" Argument Only Reaffirms That Duplicative Litigation Will Result Absent A Stay of this Proceeding

On page 5 of its brief, Lifespan notes that the indemnification claims asserted by NEMC in the Massachusetts action arise out of the Restructuring Agreement, and therefore are compulsory counterclaims in the present action. NEMC agrees, but this only reaffirms that to the extent both this action and the Massachusetts state action are permitted to proceed, it will result in the very duplicative litigation the *Colorado River* doctrine was designed to prevent. *See Moses H. Cone v. Mercury Construction Corp.*, 460 U.S. 1, 19 (1983) ("paramount" consideration in application of *Colorado River* doctrine is desire to avoid dangers of piecemeal

litigation); *Liberty Mutual Ins. Co.*, 751 F.2d at 476 (affirming district court's decision to stay proceedings and giving substantial weight to the possibility that the insurance contract might be interpreted differently in each forum which "could severely prejudice the rights of one of the parties").

Lifespan also states, on page 5 of its Memorandum, that at some unspecified later date (the "appropriate time") it will move to dismiss the Massachusetts state action because the claims asserted there are compulsory counterclaims here. Tellingly, Lifespan cites no authority to support this hypothetical motion -- because no such authority exists. The *Colorado River* doctrine is inapplicable to state courts, and Lifespan presents no legitimate grounds for a stay or dismissal of the Massachusetts state action. This is particularly true given that the present action is less complete in that it does not have LOM as party, so not all claims can be adjudicated in this Court, whereas they all can be adjudicated in the Massachusetts state action. Accordingly, Lifespan's argument only reinforces why the Massachusetts state action must proceed under all circumstances, and why this Court should exercise its discretion under *Colorado River* doctrine to stay the present suit.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in their principal Memorandum, Defendants respectfully request that this Court grant Defendants' Motion For Stay of All Proceedings in this action pending resolution of the Massachusetts State Action.

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: December 4, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2006, I sent a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

*401136_1.doc*