UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, Plaintiff, | ) | |
| VS. | ) | C. A. No. 06-421T |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. Defendants. | ) | |

**DEFENDANTS' RULE 16 CONFERENCE STATEMENT**

Defendants New England Medical Center, Inc. ("NEMCI") and New England Medical Center Hospitals, Inc. ("NEMCH") (collectively "NEMC") assert a counterclaim against plaintiff Lifespan Corporation ("Lifespan") pursuant to the indemnification provision of the Restructuring Agreement between the parties. In that Restructuring Agreement, Lifespan agreed to "indemnify NEMC for any losses it incurs that result directly and solely

> (x) from Lifespan's willful misconduct or gross negligence in the provision of services to NEMC by Lifespan employees working under the direction and supervision of Lifespan employees during the Affiliation Period [October 31, 1997 through October 31, 2002] <u>or</u>
>
> (y) from a material obligation that was approved by the Board of Directors of LOM, acting as sole member of NEMCI or NEMCH, as the case may be, but not otherwise, where such action was taken without the knowledge, consent, ratification or approval of the chief executive officer, chief financial officer or any trustee of NEMCI or NEMCH or any of the NEMC Affiliates."

Restructuring Agreement ¶ 7.2 (emphasis added). NEMC will demonstrate that during the Affiliation Period, Lifespan engaged in willful misconduct and/or gross negligence involving the waste of NEMC's corporate assets and that caused NEMC substantial losses, for which Lifespan is now contractually required to indemnify NEMC. NEMC has also incurred substantial losses

resulting directly and solely from material obligations that it incurred as a result of actions that were approved by the Board of Directors of LOM, acting as sole member of NEMCI or NEMCH, and that were taken without the knowledge, consent, ratification or approval of the chief executive officer, chief financial officer or any trustee of NEMCI or NEMCH or any of the NEMC Affiliates.

NEMC also assets counterclaims against Lifespan for breach of fiduciary duty, unjust enrichment, and violation of Massachusetts General Laws c. 93A as a result of Lifespan's wrongful conduct during the Affiliation Period.

As a result of the relationship between the parties during the Affiliation, Lifespan owed NEMC the fiduciary duties of care and loyalty. Lifespan breached those fiduciary duties by its conduct, thereby causing NEMC to suffer damages and entitling NEMC to recovery. *See Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 164 (1999); Restatement (Second) Torts § 874 (1979).

Because Lifespan was unjustly enriched through its misappropriation and wrongful diversion for its own benefit of NEMC's corporate assets, NEMC is entitled to restitution and disgorgement of the profits earned by Lifespan during the Affiliation Period as a result of its wrongful and unjustified conduct. *See Dialogo, LLC v. Bauza*, 456 F. Supp. 2d 219, 227 (D. Mass. 2006); *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 324 (D. Mass. 2005).

Finally, NEMC is entitled to recovery of damages from Lifespan pursuant to Massachusetts General Laws c. 93A, § 11. NEMC and Lifespan were engaged in trade or commerce in Massachusetts as defined by M.G.L. c.93A, and Lifespan committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A § 2 and which caused NEMC to suffer damages. As a result, NEMC is entitled to recovery of damages and attorneys' fees. Further

because Lifespan's conduct amounted to willful or knowing violations of M.G.L. c. 93A, NEMC is further entitled to recovery of double or treble damages. *See* M.G.L. c. 93A, § 11; *Adams v. Liberty Mutual Insurance Co.*, 60 Mass. App. Ct. 55, n. 19 (2003) (citing *Kohl v. Silver Lake Motors, Inc.*, 369 Mass. 795, 800-01 (1976)).

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: February 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2007, I sent a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

*409537_1.doc*