# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | C. A. No. 06-421T |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties to this action through their respective counsel, as follows:

1. Any party, or any third party subject to discovery in this action, may designate as "CONFIDENTIAL" any document or material which that party believes in good faith to contain confidential information, and may designate as "ATTORNEYS EYES ONLY" any highly confidential or proprietary information that consists of trade secrets or other sensitive commercial information not available to the public and not filed with any governmental entity other than the Internal Revenue Service or analogous state agency, including but not limited to contracts, financial projections and data, pricing information, strategic plans, and other highly confidential information. With respect to documents, such CONFIDENTIAL and ATTORNEYS EYES ONLY designations shall be made at the time documents are produced. In the case of a deposition, the CONFIDENTIAL or ATTORNEYS EYES ONLY designation shall be made by so stating on the record or by making such designation within ten (10) days of the receipt of the

deposition transcript. Such deposition designations shall be limited to those portions of the transcript that contain CONFIDENTIAL or ATTORNEYS EYES ONLY information. For the first ten days after a deposition transcript is first made available by the stenographer, the entirety of the transcript shall presumptively receive ATTORNEYS EYES ONLY treatment, absent a contrary agreement by the parties.

2. Those portions of documents, testimony, or information that are designated as ATTORNEYS EYES ONLY may not be disclosed to anyone other than the following persons: (a) outside counsel representing any party to this litigation (including the employees and agents of such counsel); (b) any consultant(s) or testifying expert(s) retained by outside counsel to assist in the prosecution or defense of this litigation (provided such consultants and experts agree in writing to be bound by the terms of this Protective Order); (c) any court reporters utilized at depositions or in Court; (d) any witness (at deposition or at trial) that is employed by or otherwise affiliated with the party that produced the information designated as ATTORNEYS EYES ONLY (the "Designating Party"); and (e) the Court in any judicial proceedings concerning this litigation, provided that such information is filed under seal. Notwithstanding the foregoing, documents, testimony or information designated as ATTORNEYS EYES ONLY may not be disclosed to the non-Designating Party or its officers, directors, partners, members or employees by anyone, including but not limited to the persons listed in (a) through (d) above.

3. Those portions of documents, testimony or information that are designated as CONFDIENTIAL may not be disclosed to anyone other than the following persons: (a) persons entitled to receive ATTORNEYS EYES ONLY information pursuant to Paragraph 2 above; and

(b) parties to the action and any officers, directors, partners, members or employees of those parties who are assisting in the prosecution or defense of this action.

4. During any testimony taken in Court, a witness, his counsel, or counsel for any other party may indicate on the record that any question or answer to a question calls for or would reveal CONFIDENTIAL or ATTORNEYS EYES ONLY information. Thereupon, counsel may request that the Court order all persons, except persons entitled to receive such information pursuant to this Protective Order and counsel for any non-party witness on the stand, to leave the room until completion of the question(s) and/or answer(s) concerning such CONFIDENTIAL or ATTORNEYS EYES ONLY information.

5. Nothing in this Protective Order shall be construed as preventing any party from objecting to any CONFIDENTIAL or ATTORNEYS EYES ONLY designation.
To challenge such a designation made prior to the hearing on the merits, a party (the "Challenging Party") must properly notify and confer with counsel for the Designating Party whose information is at issue. If the Challenging Party and Designating Party are unable to reach a resolution concerning the designation, the Designating Party may apply to the Court for an order seeking to confirm the designation. Until the Court rules on the Designating Party's application, the documents and information in question shall not be disclosed to any persons other than those entitled to receive it under the designation that was previously in effect. To the extent a CONFIDENTIAL or ATTORNEYS EYES ONLY designation is made in Court, any party may challenge that designation by articulating an objection at that time, with the Court to resolve any such dispute. The burden of establishing entitlement to Confidential or ATTORNEYS EYES ONLY treatment rests with the Designating Party.

6. Any documents, pleadings, briefs, exhibits, or other materials submitted to the Court that contain or reflect any information that has been designated for CONFIDENTIAL or ATTORNEYS EYES ONLY treatment in accordance with the terms of this Protective Order shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "ATTORNEYS EYES ONLY/ CONFIDENTIAL -- File Under Seal Pursuant to Court Order." The envelope shall also bear the case caption and such other description as will allow the Court to readily identify the documents so designated. The parties understand and agree that those portions of written submissions to the Court that contain ATTORNEYS EYES ONLY information may be disclosed only to those persons entitled to receive ATTORNEYS EYES ONLY INFORMATION pursuant to Paragraph 2 of this Protective Order. In that instance, party representatives who are not entitled to receive ATTORNEYS EYES ONLY information may receive copies of the written submission to the Court with the ATTORNEYS EYES ONLY information redacted.

7. Nothing contained herein shall affect the rights of any party to use or disclose: (a) information lawfully known to such party prior to its production in this litigation, (b) documents or information that are public knowledge, or (c) documents or information that have been or are lawfully developed or acquired by such party independently of discovery in this action.

8. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at the hearing in this matter. Nor shall anything herein have the effect of an admission or waiver by any party regarding the confidentiality or nonconfidentiality of any such documents or information.

9. The provisions of this Protective Order shall continue to be binding after the conclusion of the above-entitled action. No later than thirty days after final termination of this action (meaning that a final judgment has entered and all opportunities for appeal have expired), all documents or other materials marked as CONFIDENTIAL or ATTORNEYS EYES ONLY shall be destroyed or returned to the party that produced the information, and counsel of record shall certify in writing to the Designating Party that such material has been destroyed or returned. Each party shall be responsible for retrieving from the Court any documents that it filed with the Court containing CONFIDENTIAL or ATTTORNEYS EYES ONLY information and then disposing of such documents in accordance with this Paragraph.

10. Any third party that produces information (whether by documents, by testimony, and/or otherwise) in the course of this action may, by executing a copy of this Protective Order, thereby agree to be bound by, and thereby become entitled to designate such information as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to, the terms and conditions of this Protective Order.

Respectfully submitted,

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC. and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,

By their attorney,

/s/ David A. Wollin
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Phone: 401.274.7200
Fax: 401.351.4607

Phone: 401.274.9200
Fax: 401.276.6611

Dated: May 29, 2007

SO APPROVED AND ORDERED, this _____ day of May, 2007.

_______________________________
Ernest C. Torres
Senior United States District Judge

*417793_1.doc*