UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL | ) | |
| CENTER, INC., and NEW ENGLAND | ) | |
| MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO AMENDED COUNTERCLAIM**

Plaintiff Lifespan Corporation ("Lifespan") responds to the Amended Counterclaim of defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") as follows:

Introduction

1. No response to this allegation is required.

2. Denied, except Lifespan admits the provisions of the Restructuring Agreement.

3. Denied.

Parties

4. Admitted.

5. Admitted.

6. Admitted.

Jurisdiction and Venue

7. Admitted.

Facts

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted as to the provisions of the Restructuring Agreement; denied otherwise.

16. Denied.

17. Denied.

18. Admitted as to the provisions of the Restructuring Agreement and that NEMC made payments to Lifespan; denied otherwise.

19. Denied.

Count I

20. Lifespan incorporates its responses to paragraphs 1 through 19.

21. Admitted.

22. Denied.

23. Denied.

24. Admitted as to the provisions of the Restructuring Agreement; denied otherwise.

25. Denied.

26. Denied that NEMC suffered any losses that fall within the scope of the provisions of the indemnity, and denied that NEMC has any right to indemnification.

Count II

27. Lifespan incorporates its responses to paragraphs 1 through 26.

28. Denied. The rights and obligations of the parties were set forth in the Restructuring Agreement.

29. Denied.

30. Denied that NEMC suffered any losses as alleged and denied that NEMC is entitled to any relief.

Count III

31. Lifespan incorporates its responses to paragraphs 1 through 30.

32. Denied.

33. Denied.

34. Denied that there was any wrongful conduct by Lifespan and denied that NEMC is entitled to relief.

Count IV

35. Lifespan incorporates its responses to paragraphs 1 through 34.

36. Denied.

37. Denied.

38. Denied.

**Affirmative Defenses**

First Affirmative Defense

By executing the Restructuring Agreement, NEMC released all claims against Lifespan, including all claims set forth in Counts I through IV.

Second Affirmative Defense

By executing the Restructuring Agreement, NEMC waived all claims against Lifespan, including all claims set forth in Counts I through IV.

Third Affirmative Defense

Lifespan pleads accord and satisfaction as to all sums that may have been due and owing to NEMC.

Fourth Affirmative Defense

Counts II, III and IV are barred by applicable statute of limitations.

Fifth Affirmative Defense

Count IV fails to state a claim upon which relief can be granted on the ground that Chapter 93A is not applicable to Lifespan or to the transaction that is the subject of the Amended Counterclaim.

WHEREFORE, Lifespan demands that the Amended Counterclaim be dismissed and that it be awarded its costs and reasonable attorney's fees.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

August 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2007, a copy of the within Plaintiff's Reply to Amended Counterclaim was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman