AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of Rhode Island

**LIFESPAN CORPORATION**

V.

**NEW ENGLAND MEDICAL CENTER, INC., ET AL**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER [1] **06-421T**

TO: **Ernst & Young**
**40 Westminster Street – Suite 800**
**Providence, RI 02903**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule "A" attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| **Adler Pollock & Sheehan PC, One Financial Plaza, 8th Floor, Providence, RI 02903** | **8/21/07 10:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David A. Wollin 4950 | **8/9/07** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**David A. Wollin, Esq. Adler Pollock & Sheehan**
**One Citizens Plaza, 8th Floor, Providence, RI 02903**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

S Lofgren
S LOFGREN

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE 10 August, 2007 PLACE Providence, R.I.

SERVED

Ernst & Young
SERVED ON (PRINT NAME)

Served on authorized agent for service
MANNER OF SERVICE

George R. Clark
SERVED BY (PRINT NAME)

Constable #6025
TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10 August, 2007
Date

George R. Clark, Const. #6025
SIGNATURE OF SERVER

84 Weaver Rd.
ADDRESS OF SERVER
Johnston, R.I. 02919

Rule 45, Federal Rules of Civil Procedure, Parts C&D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## Definitions

1. "NEMC": The term "NEMC" refers to the Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") and their parents, subsidiaries, affiliates, agents, employees, servants, representatives, or any other person acting or purporting to act on their behalf.

2. "Lifespan": The term "Lifespan" refers to the Plaintiff Lifespan Corporation ("Lifespan") and its parents, subsidiaries, affiliates, agents, employees, servants, representatives, or any other person acting or purporting to act on its behalf.

3. "LOM": The term "LOM" refers to the Lifespan Corporation of Massachusetts, Inc. and its parents, subsidiaries, affiliates, agents, employees, servants, representatives, or any other person acting or purporting to act on its behalf.

3. "Affiliation Period": The term "Affiliation Period" refers to the period between October 31, 1997 and October 31, 2002.

4. "Document": The term "document" or "documents" shall have the fullest meaning of that term within the scope of Fed. R. Civ. P. 34 and includes, but is not limited to, the original, all non-identical copies and all drafts of writings, typewritings, e-mails, microfilms, drawings, graphs, charts, photographs, phone records, computer inputs and printouts, and other data compilations of any description whatsoever, including, without limiting the generality of the foregoing, minutes, memoranda, records, reports, diaries, journals, notes, analyses, studies, appraisals, surveys, circulars, bulletins, books of account, tables, computer models or programs, recordings, presentations, summaries, telexes, correspondence, telegrams, letters, messages (including reports, notes, minutes and memoranda of telephone conversations and meetings and

conferences), calendar and diary entries, periodicals, seminar materials, ledgers, bank statements, financial statements, checks and cancelled checks, check stubs, applications, proposals, contracts, agreements, working papers, invoices, orders, receipts, certificates of condition, guidelines, manuals, regulations, by-laws, books, pamphlets, advertisements, scripts, transcripts, and any other designated documents specifically referred to in the following numbered requests.

5. The term "person" or "individual" shall mean a natural person, corporation, partnership, incorporated association, business trust, estate trust, joint venture, representative, agent of any business, legal or governmental entity or association.

6. The terms "and" and "or" are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any document or response that might otherwise be construed to be outside of its scope.

7. The term "concerning" shall be construed in the broadest meaning of the word, and shall encompass means discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, relating or pertaining to, in whole or in part.

8. Words used in the singular, where the context permits, shall be deemed to include the plural, and words used in the plural, where the context permits, shall be deemed to include the singular. The masculine gender, where the context permits, shall be deemed to include the feminine or neuter gender.

## DOCUMENT REQUESTS

1. All documents concerning the affiliation between Lifespan and NEMC during the Affiliation Period.

2. All documents concerning the corporate management fees that Lifespan and/or LOM charged to NEMC during the Affiliation Period.

3. All documents concerning the capital charges that Lifespan and/or LOM imposed upon NEMC during the Affiliation Period.

4. All documents concerning Lifespan's and/or LOM's management of NEMC's assets during the Affiliation Period, including but not limited to any documents concerning the decrease in NEMC's cash, investment assets, and reserves that occurred during the Affiliation Period.

5. All documents concerning Lifespan's and/or LOM's management of NEMC's commercial payor contracts during the Affiliation Period, including but not limited to any documents concerning any procedures Lifespan and/or LOM had in place to make sure that these contracts were promptly renegotiated on the most favorable terms possible upon expiration.

6. All documents concerning any interest rate swap that Lifespan or NEMC considered during the Affiliation Period.

7. Lifespan's audited financial statements from 1997 to the present.

8. LOM's audited financial statements from 1997 to the present.

9. All communications between Lifespan and the Rhode Island Attorney General.

10. All documents from 1996 to 2003 concerning any work performed by Ernst & Young for Lifespan, including but not limited to all audits, studies or communications between Ernst & Young and Lifespan.

11. All documents from 1996 to 2003 concerning any work performed by KPMG for Lifespan, including but not limited to all audits, studies or communications between KPMG and Lifespan.

12. All documents concerning NEMC during the Affiliation Period.

*424395_1.doc*