UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P 56(a), Lifespan Corporation moves for summary judgment on Counts I and II of the Complaint.

A Statement of Undisputed Facts, Affidavit and a Memorandum are filed herewith.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dsherman@eapdlaw.com

August 27, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2007, a copy of the within Motion was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**MEMORANDUM IN SUPPORT OF**
**LIFESPAN CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Lifespan Corporation ("Lifespan") moves for summary judgment on Counts I and II of the Complaint on the ground that there are no material issues of fact as to these Counts and Lifespan is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) provides that a claimant may file a motion for summary judgment upon all or any part of the action. Fed. R. Civ. P. 54(b) provides that where there are multiple claims the court may direct entry of judgment on one or more claims as set forth therein. At this point, Lifespan seeks an Order granting summary judgment on Counts I and II under Rule 56(a); whether a final judgment should enter under Rule 54(b) that may be executed upon is a separate matter not presently before the Court.

Count I is a claim against New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. ("collectively NEMC") for breach of a contractual obligation under the Restructuring Agreement attached as Exhibit A to the Complaint. Count II is a claim against NEMC for anticipatory breach that is now an actual breach. At the time the Complaint was filed, the payment for January 2007 was not due, although

NEMC advised Lifespan that it was not going to pay it. Now the time for payment has passed, and it was not paid. Under the Restructuring Agreement dated as of September 30, 2002, attached as Exhibit A to the Complaint, NEMC agreed to pay Lifespan $1.83 million on January 2, 2006 and $1.83 million on January 2, 2007. These payments were guaranteed by New England Medical Center Hospitals. Inc. in a separate written Guaranty, attached as Exhibit B to the Complaint. As set forth in the Affidavit of Mary A. Wakefield, the payments have not been made. NEMC does not deny that it has failed to make the payments. Accordingly, this is in essence a collection action for $3.66 million plus interest, and summary judgment should be granted.

NEMC has pleaded that it is not obligated to make the $3.66 million in payments because it has asserted a counterclaim for damages that exceed that amount. However, this is not a defense to Lifespan's claim; rather it is an independent claim based on theories of indemnity, breach of fiduciary duty, unjust enrichment and Mass. Chapter 93A, claims that are separate and apart from Lifespan's claim for $3.66 million due under the Restructuring Agreement. The Amended Counterclaim is the subject of continuing discovery and is not in order for summary disposition. However, the damages claimed by the Amended Counterclaim, even assuming liability, are both undetermined and speculative at this point.

**Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> [J]udgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thus, as the Supreme Court stated in Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

The Celotex Court stated that "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. See also Lipsett v. Univ. of P.R., 864 F.2d 881, 894 (1st Cir. 1988) (applying Rule 56(c) and that in order to survive a motion for summary judgment, the non-moving party must establish the existence of an issue of fact that is both genuine and material, bearing in mind each party's evidentiary burden at trial).

## ARGUMENT

The U. S. Supreme Court further stated in Celotex that "[s]umary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy, and inexpensive determination of every action." (quoting Fed. R. Civ. P. 1). 477 U.S. at 327. In Butler Foods, Inc. v. Trailer Marine Transport Corp., 680 F. Supp. 472, 473, the court stated, "Rule 56 should be read not just to protect nonmovants with real claims but to advance the rights of movants to dispose of claims without a sufficient basis." By analogy, the same should apply to movant's claims where no sufficient defenses are asserted. Accordingly, where the entitlement of Lifespan to a summary judgment of $3.66 million is clear, there is no reason to delay granting summary judgment. The Amended Counterclaim asserts four claims, one of which is derived from

the Restructuring Agreement (the indemnity claim[1]) and the others arise outside the Agreement. Thus NEMC's claims are independent of the Lifespan's claim and should not preclude entry of summary judgment where the requirements of Rule 56 are met.

The fact that there is a pending counterclaim does not bar the entry of summary judgment on the complaint, even if the counterclaim is compulsory. Chemetron Corp. v. Cervantes, 92 F.R.D. 26, 30 (D. P.R. 1981) (quoting Schroeter v. Ralph Wilson Plastics, Inc., 49 F.R.D. 323, 326 (S.D.N.Y 1969), "Once the independent nature of the claim is established, considerations of possible set off through recovery on other claims by the party against whom summary judgment is taken become relevant only to the question of whether the summary judgment as rendered should be made final under Rule 54(b) prior to resolution of any remaining issues in the case."); Carpenters Local Union No. 971 v. Clyne , 580 F. Supp. 1256 (D.C. Nev. 1984) (defendant's counterclaim did not preclude granting of partial summary judgment); Acme Engineering and Manufactiring Corp. v. Airdyne Co., Inc., 404 N.E.2d 693, 695 (Mass. Appellate 1983) (where counterclaim asserted claims independent of the plaintiff's claim, there was no error in granting motion for summary judgment on plaintiff's claim); *Annotation*, 8 A.L.R. 3d 1361 § 5.5 (pendency of counterclaim no bar to entry of summary judgment on main claim).

In Anderson v. United States, 182 F.2d 296 (1st Cir. 1950), the First Circuit held that a completely unintelligible counterclaim did not preclude entry of summary judgment on a properly crafted motion. While, we do not suggest that NEMC's Amended Counterclaim is unintelligible, we do not think the Anderson court would preclude summary judgment even if the counterclaim were intelligible. Accordingly, we submit that there is no good reason to deny Lifespan's motion.

[1] There are releases in the Agreement that bear on this claim that will be argued at a later time.

**Conclusion**

For the reasons stated, we request that this Court grant Lifespan summary judgment on Counts I and II.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dsherman@eapdlaw.com

August 27, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2007, a copy of the within Memorandum was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman