UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**DEFENDANTS' COUNTERSTATEMENT OF UNDISPUTED FACTS**

Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") respectfully submit this Counterstatement of Undisputed Facts in response to Plaintiff Lifespan Corporation's ("Lifespan") Statement of Undisputed Facts.

NEMC submits the following Counterstatement of Undisputed Facts as follows:

1. Under Section 7.2(a) of the Restructuring Agreement, Lifespan agreed to indemnify and hold harmless NEMC for any and all losses it incurred or suffered as a result of, arising out of or directly or indirectly relating to any misrepresentation by Lifespan. Declaration of Ellen Zane at ¶ 4; Amended Counterclaim at ¶ 15; Plaintiff's Reply to Amended Counterclaim at ¶ 15.

2. In addition, under Section 7.2 of the Restructuring Agreement, Lifespan agreed to indemnify and hold harmless NEMC for any losses it incurred or suffered that that result directly and solely:

> (x) from Lifespan's willful misconduct or gross negligence in the provision of services to NEMC by Lifespan employees working under the direction and supervision of Lifespan employees during the Affiliation Period [October 31, 1997 through October 31, 2002] or
>
> (y) from a material obligation that was approved by the Board of Directors of Lifespan of Massachusetts, acting as sole member of NEMCI or NEMCH, as the case may be, but not otherwise, where such action was taken without the knowledge, consent, ratification or approval of the chief executive officer, chief financial officer or any trustee of NEMCI or NEMCH or any of the NEMC Affiliates.

Declaration of Ellen Zane at ¶ 5; Amended Counterclaim at ¶ 9; Plaintiff's Reply to Amended Counterclaim at ¶ 9.

3. The payments due from New England Medical Center, Inc., and guaranteed by New England Medical Center Hospitals, Inc., in Section 2.2.3 of the Restructuring Agreement are not owed and need not be paid to the extent that Lifespan's indemnification obligations to NEMC under Section 7.2 of the Restructuring Agreement exceed the amounts in Section 2.2.3. Declaration of Ellen Zane at ¶ 6.

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: September 11, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

*427946_1.doc*