UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**CONSENT MOTION TO EXTEND CLOSURE DATE**
**AND EXPERT DISCLOSURE SCHEDULE**

Plaintiff Lifespan Corporation and Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. respectfully move this Court to extend the March 1, 2008 Closure Date and the previously agreed-upon expert disclosure dates set forth in the Scheduling Order. The parties are seeking to extend the Closure Date until April 25, 2008. Further, the parties are seeking the following new expert disclosure dates: Defendants' expert disclosures are due by January 18, 2008; Plaintiff's expert disclosures are due by March 7, 2008; and Defendants' rebuttal experts are due April 11, 2008. The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

LIFESPAN CORPORATION,

By its attorney,

*/s/ Deming E. Sherman*___
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza
Providence, RI 02903
E-Mail: dsherman@eapdlaw.com
Phone: 401.274.9200
Fax: 401.276.6611
Dated: November 5, 2007

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: November 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 06-421T |
| VS. | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO EXTEND CLOSURE DATE AND EXPERT DISCLOSURE SCHEDULE**

Plaintiff Lifespan Corporation ("Lifespan") and Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") submit the memorandum of law in support of their consent motion to extend the March 1, 2008 Closure Date and the following agreed-upon expert disclosure dates set forth in the Scheduling Order: Defendants' expert disclosures due by November 7; Plaintiff's expert disclosures due by January 4, 2008; and Defendants' rebuttal experts due by February 15, 2008.

The parties are seeking to extend these dates because of extraordinary circumstances that have just arisen in the case – a critical witness in this case for both parties, David Lantto, former Chief Financial Officer for Lifespan, who lives in Arizona – badly injured his knee on the eve of his deposition, cannot travel to Rhode Island for his deposition and has to undergo surgery and rehabilitation during the remainder of the year. Both parties believe it is absolutely essential for Mr. Lantto to be deposed before any expert disclosures are made since he has critical knowledge about the major issues involved in this lawsuit. Thus, the parties are requesting that the Closure Date be extended until April 25, 2008 and that the expert disclosure deadlines be moved as

follows: Defendants' expert disclosures are due by January 18, 2008; Plaintiff's expert disclosures are due by March 14, 2008; and Defendants' rebuttal experts are due April 25, 2008.

## **ARGUMENT**

The parties submit there is good cause for revision of the March 1, 2008 Closure Date and the corresponding expert disclosure schedule. First, and foremost, as indicated above, extraordinary circumstances have just arisen in the case. Mr. Lantto, the former Chief Financial Officer for Lifespan who lives in Arizona, badly injured his knee on the eve of his deposition, cannot travel to Rhode Island for his deposition and has to undergo surgery and rehabilitation during the remainder of the year. Both parties believe it is absolutely essential for Mr. Lantto to be deposed before any expert disclosures are made since he has critical knowledge about the major issues involved in this lawsuit. Specifically, as Lifespan's CFO during the affiliation between Lifespan and NEMC, Mr. Lantto, perhaps more than any other witness, has important information regarding the interest rate swap, payor contracting, the methodology for and assessment of management fees to NEMC, among other major issues. Likewise, both parties agree that it would not be fair if expert disclosures had to be made before his testimony occurred under oath on these critical issues. Unfortunately, his condition, as he has reported, will require surgery and rehabilitation over the next two months. It is anticipated, however, that immediately after the new year he will be in a position to have his deposition taken. There is not sufficient time by the current March 1, 2008 Closure Date to take Mr. Lantto's deposition in early January, and then have NEMC's experts assess that testimony and produce reports, Lifespan's experts to prepare expert reports and NEMC file rebuttal reports.

Second, the parties are seeking an extension due to circumstances beyond their control.

The parties have been working diligently to schedule depositions of the other main fact witnesses, several of whom live outside of Rhode Island or have been out of the country for an extended period. Those depositions are occurring, and will continue to occur, throughout the remainder of this year, so that the parties can complete all the work, both fact and expert, by the extended discovery deadline.

Third, this is the parties' first request for extension of the Closure Date. The request is a modest one – only two months more.

Fourth, the parties have made significant progress in conducting discovery in this case, having engaged in substantial documentary discovery, written discovery and, as noted above, the commencement of depositions. Several depositions have either begun or have been completed. All of this is occurring without any discovery disputes that have required any intervention by the Court.

Fifth, since all parties join in this motion, no one will be prejudiced by the extension. On the other hand, both parties believe they will be prejudiced if they must disclose their expert reports before Mr. Lantto's deposition has occurred.

Accordingly, Lifespan and NEMC respectfully request that the Court extend the Closure Date and the previously agreed-upon expert disclosure dates set forth in the Scheduling Order.

Respectfully submitted,

LIFESPAN CORPORATION,

By its attorney,

*/s/ Deming E. Sherman*___
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903

E-Mail: dsherman@eapdlaw.com
Phone: 401.274.9200
Fax: 401.276.6611
Dated: November 5, 2007

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: November 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

423305_1.doc