**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LIFESPAN CORPORATION

Plaintiff,

v. C.A. No. 06-421T

NEW ENGLAND MEDICAL CENTER, INC.
and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.

Defendants.

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior U.S. District Judge.

Lifespan brought this action against New England Medical Center, Inc. ("NEMCI") and its guarantor, New England Medical Center Hospitals, Inc. ("NEMCH")(collectively, "NEMC") seeking $3,660,000 for an alleged breach of a Restructuring Agreement (the "Agreement") between the parties relating to their decision to disaffiliate. NEMCI and NEMCH have counterclaimed for indemnification alleging breach of fiduciary duty; unjust enrichment; and violation of the Massachusetts Consumer and Business Protection Act, Mass. Gen. Laws. ch. 93A.

Lifespan has moved for summary judgment on its claim which it argues is separate and independent from NEMC's counterclaim.

Because I find that the two claims are related and that there appear to be unresolved factual disputes regarding NEMC's counterclaim, Lifespan's motion for summary judgment is denied.

**Background**

In 1997, Lifespan and NEMCI, an affiliate of NEMCH, entered into an agreement to operate as a single health care system under Lifespan's control. In 2002, they decided to sever their relationship and, once again, operate independently from each other. Accordingly, the parties entered into the Agreement which called for Lifespan to relinquish its control over NEMC and for NEMCI to make a series of payments to Lifespan totaling $30 million. The last three payments of $1,830,000 each were to be made after the disaffiliation was complete and they were guaranteed by NEMCH.[1] NEMC acknowledges that it failed to make either of the

[1] § 2.2.3 of the Agreement provides: "(a) Following the Closing, NEMCI (but not NEMCH) shall pay to Lifespan in cash via wire transfer to one or more accounts designated by Lifespan:

(i) On or before January 2, 2004, $1,830,000;
(ii) On or before January 2, 2006, $1,830,000; and
(iii) On or before January 2, 2007, $1,830,000.

(b) The payment obligations of NEMCI pursuant to Section 2.2.3(a) shall be guaranteed by NEMCH. At the Closing, NEMCH shall deliver to Lifespan, in a form satisfactory to Lifespan, a guaranty agreement relating to such payment obligation of NEMCI."

last two payments but claims, in both its affirmative defenses and counterclaim, that Lifespan breached its fiduciary duty to NEMC and that, due to misrepresentation and misconduct by Lifespan, NEMC has sustained losses far in excess of the remaining payments for which NEMC is entitled to indemnification pursuant to § 7.2 of the Agreement.[2]

While Lifespan apparently concedes that NEMC's counterclaim raises disputed questions of fact, Lifespan argues that it is entitled to summary judgment because, even if substantiated, NEMC's allegations do not constitute a defense to nonpayment and NEMC's counterclaim is independent from Lifespan's claim.

**Summary Judgment Standard and Effect**

A party is entitled to summary judgment "if the pleadings, the

---

§ 7.2 of the Agreement calls for indemnification of NEMC "for any losses that it incurs that result directly and solely

> (x) from Lifespan's willful misconduct or gross negligence in the provision of services to NEMC by Lifespan employees working under the supervision and direction of Lifespan employees during the Affiliation Period or
>
> (y) from a material obligation that was approved by the Board of Directors of LOM [Lifespan of Massachusetts], acting as sole member of NEMCI or NEMCH, as the case may be, but not otherwise, where such action was taken without the knowledge, consent, ratification or approval of the chief executive officer, chief financial officer or any trustee of NEMCI or NEMCH or any of the NEMC affiliates."

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If multiple claims, including counterclaims, are made, and not all of them are adjudicated by the motion, entry of final judgment is deferred until the remaining claims are adjudicated unless the court expressly determines that there is "no just reason for delay" and directs immediate entry of judgment on the claims decided by the motion for summary judgment. See, Fed. R. Civ. P. 54(b). In the absence of such a determination, an order granting summary judgment is not appealable until final judgment is entered on all claims and a plaintiff in whose favor summary judgment is granted cannot execute on the judgment until that time. Pahlavi v. Palandjian, 744 F.2d 902, 904 (1st Cir. 1984); Burney v. City of Pawtucket, 728 F.2d 547, 549 (1st Cir. 1984).

**Lifespan's Claims and NEMC's Counterclaims**

It is undisputed that the Agreement called for NEMCI to make payments of $1,830,000 each on January 2, 2006 and January 2, 2007

and that NEMCH guaranteed those payments and agreed to assume all costs and expenses incurred by Lifespan in enforcing the guarantee. It also is undisputed that neither of the two payments has been made.

NEMC contends that it is not required to make these payments because, under the Agreement's indemnification provision, Lifespan is liable for losses incurred by NEMC that far exceed the amount of the payments.

**Analysis**

The mere fact that a defendant has asserted a counterclaim involving disputed factual issues does not preclude a court from granting summary judgment for a plaintiff on the plaintiff's claim. Chemetron Corp. v. Cervantes, 92 F.R.D. 26 (D.P.R. 1981)(granting summary judgment on plaintiff's claim for payment under a loan agreement and promissory note, notwithstanding defendant's unresolved compulsory counterclaim); see Electroglas, Inc. v. Dynatex Corp., 473 F. Supp 1167 (N.D. Cal. 1979)(granting summary judgment on defendant's counterclaim for payment on promissory note and leaving plaintiff's antitrust claim for trial); The Coakley

Landfill Group v. IT Corp., 116 F. Supp. 2d 237, 241 (D.N.H. 2000)(summary judgment on defendant's counterclaim for breach of contract is not precluded by plaintiffs' claims which may equal or exceed defendant's counterclaim).

Whether summary judgment is appropriate in such cases turns on whether the claims are related to or independent from each other. If the claims are closely related, the existence of disputed factual issues with respect to one claim, ordinarily, precludes summary judgment with respect to the other claim. See e.g., TPO Inc. v. Fed. Deposit Ins. Corp., 487 F.2d 131, 134 (3d Cir. 1973). Conversely, where the claims are independent, summary judgment may be appropriate with respect to one claim even though the other claim remains unadjudicated. See e.g., Schroeter v. Ralph Wilson Plastics, Inc., 49 F.R.D. 323, 326 (S.D.N.Y. 1969).

The fact that a claim and counterclaim are based on alleged breaches of the same agreement is a strong indication that the claims are related. See Parmalee v. Chicago Eye Shield Co., 157 F.2d 582 (8th Cir. 1946)(Plaintiff was not entitled to summary judgment where defendant's counterclaims were based on the same

distributorship agreement). By contrast, where the two claims arise out of separate agreements, they are more likely to be found independent of each other. See Levy v. Fed. Deposit Ins. Corp., 7 F.3d. 1054, 1057 (1st Cir. 1993) (rejecting the argument that an unresolved counterclaim for breach of warranty regarding work performed on renovation projected precluded summary judgment in favor of lender for nonpayment of promissory note because the counterclaim arose out of an "entirely separate purchase and sale agreement".)

Lifespan's argument that NEMC's obligation to make the payments in question is independent from any obligations that Lifespan may have under the Agreement is based on an artificial distinction that Lifespan seeks to draw between different provisions in the same agreement. NEMCH's promise to pay Lifespan and Lifespan's promise to indemnify NEMCH are closely related because they are part and parcel of a single agreement and each provision is part of the bargained for consideration for the other. Consequently, it would be illogical and unjust to award summary judgment on one claim before also resolving the other.

Moreover, as a practical matter, no purpose would be served by granting summary judgment on Lifespan's claim because the pendency of NEMC's counterclaim would raise the specter of piecemeal appeals thereby making a Rule 54(b) certification highly unlikely. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8, 100 S.Ct. 1460, 1464-64, 64 L.Ed.2d 1 (1980).

Nor would summary judgment serve to narrow the issue in any meaningful way. It already is undisputed that NEMCH and NEMCI have not made the payments in question and, pursuant to Rule 56(d), the case shall proceed on that basis. Summary judgment would not resolve any of the remaining issues raised by NEMC's counterclaim.

**Conclusion**

For all the foregoing reasons, Lifespan's motion for summary judgment is DENIED.

IT IS SO ORDERED,

Ernest C. Torres
Ernest C. Torres
Sr. U.S. District Judge
Date: January 31, 2008