UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO DEFENDANTS' MOTION TO STRIKE CERTAIN ENTRIES FROM DAVID LANTTO'S DEPOSITION ERRATA SHEET**

Plaintiff Lifespan Corporation hereby files its Objection to Defendants' Motion to Strike Certain Entries from David Lantto's Deposition Errata Sheet.

A Memorandum of Law is filed herewith.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
E-mail: dsherman@eapdlaw.com
(401) 274-9200
(401) 276-6611 (Fax)

Dated: July 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2008, a copy of the foregoing was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO STRIKE CERTAIN ENTRIES FROM DAVID LANTTO'S DEPOSITION ERRATA SHEET**

Plaintiff Lifespan Corporation ("Lifespan") hereby files its Objection to Defendants' Motion to Strike Certain Entries from David Lantto's Deposition Errata Sheet (the "Motion to Strike").

**BACKGROUND**

The Complaint arises out of the disaffiliation of defendants New England Medical Center, Inc. ("NEMCI") and New England Medical Center Hospitals, Inc. ("NEMCH") (collectively "NEMC") from Lifespan. On September 30, 2002, the parties, which had been affiliated since 1997, executed a Restructuring Agreement that gives rise to Lifespan's claims. Under the Restructuring Agreement, the defendants agreed to make payments to Lifespan in the total amount of $3.66 million in January 2006 and January 2007. NEMC refused to make the payments in January 2006 and in January 2007. As a result, Lifespan filed the Complaint to collect the sums that clearly are due. NEMC

subsequently brought counterclaims against Lifespan arising out of the period of affiliation.

On January 9, 2008, David Lantto, Lifespan's former Chief Financial Officer, was deposed in Rhode Island. During the extensive deposition, Mr. Lantto was questioned about a variety of topics concerning the affiliation, including Lifespan's conflict of interest policy and its entertainment, gifts and vendor promotional policy. After reading the transcript of his deposition, Mr. Lantto submitted an errata sheet on February 12, 2008 to qualify certain statements he had made about Lifespan's conflict of interest policy and its entertainment, gifts and vendor promotional policy, along with other corrections, pursuant to Rule 30(e) of the Federal Rules of Civil Procedure.

**ARGUMENT**

It is well settled that deponents may make subsequent changes to deposition testimony under Rule 30(e) of the Federal Rules of Civil Procedure. Rule 30(e) provides that: "the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which . . . (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." (emphasis added). Contrary to the position taken by Defendants in their Motion to Strike, a majority of federal courts permit the deponent to make changes of any kind, whether procedural or substantive, as long as the procedural requirements of Rule 30(e) are complied with.[1] See LaMarche v. Metropolitan Life Ins. Co., 236 F.Supp.2d 34, 41 (D.Me. 2002) (Rule 30(e) "clearly permits a party to review his or her deposition transcript and change testimony 'in form or substance,' provided that a signed statement

[1] The court in Chaplin v. Quinn, No. 2002-1492B, 2004 WL 51819, at *2 (Mass. Super. Jan. 13, 2004) found that "[o]ne line of decisions, which appears to be the majority view among federal decisions, interprets the federal rule to permit the deponent to make changes of any kind (corrections based on a claim of a transcription error, or any other substantive or procedural changes)."

provides a reason for the change"); Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, 120 (D.Mass. 2001); Podell v. Citicorp Diners Club, Inc., 914 F.Supp. 1025, 1034 (S.D.N.Y. 1996); DeLoach v. Philip Morris Cos., 206 F.R.D. 568, 571-72 (M.D.N.C. 2002); Lugtig v. Thomas, 89 F.R.D. 639, 641 (N.D.Ill. 1981) ("[t]he language of the Rule places no limitations on the type of changes that may be made by a witness before signing his deposition"). Additionally, the Rule does not "require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes . . . even if those reasons 'are unconvincing.'" Podell, 112 F.3d at 103 (quoting Lugtig, 89 F.R.D. at 641).

There are some recent cases holding that errata sheets which alter the substance of a deponent's testimony, the so-called "home examination" prohibition, are not permitted. See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1225 (9th Cir. 2005); Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002). However, when a party amends his or her deposition testimony under Rule 30(e), "[n]othing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." Lugtig, 89 F.R.D. at 641-642. Thus, the fact finder is well-suited to weigh corrected deposition testimony and should be allowed to consider such testimony as provided for under Rule 30(e). Should this Court rule otherwise, Rule 30(e) would be rendered meaningless.

Furthermore, abundant authority supports the proposition that "changed deposition answers of any sort are permissible, even those which are contradictory or unconvincing, as long as the procedural requirements set forth in the Rule are also followed." United States v. Piqua Eng'g, Inc., 152 F.R.D. 565, 566-67 (S.D.Ohio 1993); see also Metayer v. PFL Life Ins. Co., No. 98-177-P-C, 1999 WL 33117063, at *2

(D.Me. July 15, 1999). Here, the Defendants have not asserted that Mr. Lantto's errata sheet failed to fulfill the procedural requirements of Rule 30(e).

While cited by the Defendants' as authority for the proposition that Rule 30(e) only allows for corrective answers, in actuality this Court in Crowe v. Marchand, No. 05-98T, 2006 WL 5230014, at *1 (D.R.I. Aug. 17, 2006), determined that the deponent had not fulfilled the procedural requirements of Rule 30(e) and thus was not able to modify the official transcript of his deposition. Furthermore, this Court qualified its decision by holding that if the defense attempted to impeach the plaintiff, "plaintiff's counsel . . . shall remain free to present relevant portions of the proposed errata sheet on re-direct examination." Id.

Here, Mr. Lantto properly explains or qualifies answers made in his previous deposition. The original answers will be available at trial, thus alleviating any concerns Defendants have raised that contemporaneous answers are likely to be more truthful. In fact, the court in Elwell v. Conair, Inc., 145 F.Supp.2d 79, 86-87 (D.Me. 2001) did not find any merit to a similar concern that a deponent would "plan artful responses" since the original answers as well as the changes are made available to the fact finder.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Certain Entries from David Lantto's Deposition Errata Sheet should be denied.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
E-mail: dsherman@eapdlaw.com
(401) 274-9200
(401) 276-6611 (Fax)

Dated: July 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2008, a copy of the foregoing was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman