UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN ENTRIES FROM DAVID LANTTO'S DEPOSITION ERRATA SHEET**

Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") respectfully submit this reply brief in support of their motion to strike the following entries from the deposition errata sheet of David Lantto, former Chief Financial Officer of Plaintiff Lifespan Corporation ("Lifespan"): Page 208, Line 16, and Page 209, Line 10.

## ARGUMENT

In its opposition, Lifespan does not dispute that their former CFO, David Lantto, has submitted diametrically opposite answers from the ones he gave under oath at his deposition – that is, that he violated Lifespan's conflict of interest policy and its entertainment, gifts and vendor promotional policy. Lifespan argues, instead, that Rule 30(e) allows a deponent to submit diametrically opposite answers after the fact, citing a smattering of district court decisions

(some of which are Magistrate Judge decisions).[1]

However, Lifespan fails to point out that three of the four circuit courts to have considered this question – the Seventh, Ninth and Tenth Circuits -- rejected Lifespan's position.[2] Lifespan makes no attempt to address or distinguish these significant rulings. Nor does Lifespan attempt to address, let alone cite, the First Circuit's very analogous decision in *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994), wherein this Circuit adopted the "sham affidavits" rule to prohibit a party from attempting to defeat summary judgment by submitting an affidavit contradicting the party's previous deposition testimony. Lifespan fails to address why a post-deposition errata sheet that seeks to contradict sworn deposition testimony is any different from a post-deposition affidavit seeking to do the same.

More importantly, this Court in *Crowe v. Marchand*, C.A. No. 05-98-T, 2006 WL 5230014, at *1 (D.R.I. 2006), explicitly relied on the Ninth Circuit's decision in *Hambleton* in rejecting Lifespan's position here. A copy of *Crowe* is attached as Exhibit 1. Lifespan argues that *Crowe* is distinguishable because this Court only "determined that the deponent had not fulfilled the procedural requirements of Rule 30(e) and thus was not able to modify the official transcript of his deposition." While it is true that the deponent had not complied with the procedural requirements of Rule 30(e), Lifespan ignores one of the key grounds for this Court's ruling – that Rule 30(e) does not allow for contradictory changes. This Court was clear on this point: "the purpose of an errata sheet is to *correct alleged inaccuracies* in what the deponent *said* at his deposition, not to modify what the deponent said for tactical reasons or to reflect what

---

[1] Lifespan does concede that, even if the corrections were allowed, the original answers to the deposition questions remain part of the record and can be read at trial.

[2] *Thorn v. Sundrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000); *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225-26 (9th Cir. 2005); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002).

he wishes that he had said." *Id*. (emphasis in original).

Lifespan also argues that *Crowe* is distinguishable because the Court "qualified its decision by holding that if the defense attempted to impeach the plaintiff, 'plaintiff's counsel . . . shall remain free to present relevant portions of the proposed errata sheet on re-direct examination.'" Certainly, if NEMC intended to use *both* Mr. Lantto's original answers and his contradictory errata sheet answers to impeach him at trial by pointing out the inconsistencies between the two, Lifespan should be allowed to use the errata sheet answers. However, NEMC has no intention of referring to the errata sheet answers. Rather, NEMC wants those contradictory answers stricken from the case.

Lifespan argues that if this Court were to reject its position, Rule 30(e) would be "rendered meaningless." That is simply incorrect, and both this Court and the Seventh, Ninth and Tenth Circuits have ruled otherwise. To disallow contradictory changes still permits room for changes in "substance" to the deposition transcript. For instance, a deponent who meant to testify the traffic light was green and instead said "gray" should be allowed to provide an errata sheet that changes "gray" to "green." However, it would be improper for the deponent to change the answer to "red." Here, the situation is even worse because Mr. Lantto's original answer was crystal clear and he wants to change his clear answer to the diametrically opposite result. That is not the purpose of Rule 30(e).

Lastly, Lifespan argues that the contradictory answers should be available at trial because the availability of the original answers "alleviat[es] any concerns Defendants have raised that contemporaneous answers are likely to be more truthful." The availability of the original answers does little for NEMC in this case, particularly since the discovery deadline has closed and Mr. Lantto is beyond the subpoena power of the Court for trial. A deposition *under oath*

should mean something – the deponent should take it seriously, answer accurately and honestly and be of the belief that he cannot change his answers and plan artful responses after the deposition has closed. *Garcia*, 299 F.3d at 1242 n.5; *Hambleton*, 397 F.3d at 1225. No one can doubt that contemporaneous answers at a deposition are likely to be more truthful and accurate than responses carefully crafted days or weeks later, potentially with the assistance of counsel.

In short, a "deposition is not a take home examination." *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. Lo. 1992). Mr. Lantto's proposed changes should be stricken.

## CONCLUSION

For the foregoing reasons, NEMC requests that the Court grant its motion to strike.

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: July 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/David A. Wollin*

460673_1.doc