UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**DEFENDANTS' MOTION TO COMPEL DOCUMENTS ON**
**PLAINTIFF'S JUNE 23, 2008 "PRIVILEGE LOG"**

Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") respectfully move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel the documents listed on Plaintiff Lifespan Corporation's ("Lifespan") self-described June 23, 2008 privilege log. For the reasons set forth in the attached memorandum, Lifespan failed to produce the privilege log until after the close of discovery or to specify in the log any privileged basis for withholding the documents. Lifespan has failed to meet its burden of establishing the documents are privileged and thus they should be produced.

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: July 8, 2008

CERTIFICATION

I hereby certify that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in any effort to obtain it without court action.

*/s/ David A. Wollin*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/ David A. Wollin*

*460696_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DOCUMENTS ON PLAINTIFF'S JUNE 23, 2008 "PRIVILEGE LOG"**

Defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel the documents listed on Plaintiff Lifespan Corporation's ("Lifespan") self-described June 23, 2008 privilege log. For the reasons discussed below, Lifespan failed to produce the privilege log until after the close of discovery or to specify in the log a single privileged basis for withholding the documents. Lifespan has failed to meet its burden of establishing the documents are privileged and thus they should be produced.

## BACKGROUND

On March 13, 2008, this Court set a final Closure Date for all discovery of June 20, 2008, and indicated that there would be no further extensions. Three days after the close of discovery, on June 23, 2008, Lifespan, through counsel, sent to NEMC's counsel a six-page document

purporting to be a supplemental privilege log. Exhibit 1. The log contained 55 documents that Lifespan claimed were withheld from its October 19, 2007 document production. *Id*. Lifespan's counsel indicated in a cover letter that, in recently reviewing documents in the case, "we discovered a portion of the Lifespan privilege log that apparently was not forwarded to you [NEMC's counsel] previously." *Id*. *However, the document purporting to be a privilege log was not so marked and made no mention of any privileges.* *Id*. Moreover, the log contained only a bare-bones description of each document and no explanation for why any of the documents were deemed to be privileged. *Id*.

On July 1, 2008,[1] NEMC's counsel wrote to Lifespan's counsel to indicate that the document purporting to be a privilege log was inadequate because it failed to indicate what, if any, privileges Lifespan was relying upon for withholding the documents. Exhibit 2. In addition, NEMC argued that, even based on the bare-bones descriptions contained therein, many of the documents did not appear to be privileged under any applicable privilege and requested immediate disclosure of those documents. *Id*. Further, NEMC indicated that many of the people on the log, including attorneys, were unfamiliar to it and therefore it could not evaluate if any privilege should or could apply.

As of the filing of this motion, some two weeks after the Closure Date, NEMC has not received a response to its letter. The claims of privilege are unjustified and should be rejected. Lifespan should immediately disclose the documents to NEMC.

[1] Lifespan's counsel was on vacation in Europe from June 23 until June 30.

**ARGUMENT**

A party claiming privilege bears the burden of establishing that the privilege applies to the communications at issue and that it has not been waived. *Corvello v. New England Gas Co.*, 243 F.R.D. 28, 32 (D.R.I. 2007). The procedure to be followed by a party in withholding documents on privilege grounds is set forth in Fed. R. Civ. P. 26(b)(5)(A), which requires a party to make the privilege claim "expressly" and to "describe the nature of the documents, communications, or things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." As the Rule indicates, one of the purposes is to provide a party whose discovery is constrained by a claim of privilege or work product protection with information sufficient to evaluate such a claim and to resist if it seems unjustified. *See Corvello*, 243 F.R.D. at 33. "A further purpose is to enable a court to make informed judgments regarding the merits of privilege claims without being required to review what often are voluminous documents and to guess why they may or may not be privileged." *Id*. (citing *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12, (1st Cir. 1991)). In addition to containing sufficient information supporting a claim of privilege, the claim also must be asserted in a timely manner. *Id*.

As this Court noted in *Corvello*, the "universally accepted means" of claiming that requested documents are privileged is the production of a privilege log. *Id*. (citing *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001)). The privilege log must include "a detailed description of the documents to be protected 'with precise reasons given for the particular objection to discovery.'" *Id*. (citation omitted). A failure by the party claiming privilege to adequately describe the documents at issue, to sufficiently explain the basis for the privilege or to

assert the privilege in a timely manner is grounds for rejecting the claim. *Id*. (and cases cited therein).[2]

In this case, Lifespan has failed to meet its burden of establishing the documents on its purported June 23, 2008 privilege log are privileged for several reasons. First, and foremost, the log is completely silent as to any claim of privilege or any reasons why these particular documents are privileged. Thus, the documents should be produced. *Id*.

Second, the purported privilege log is untimely. Lifespan did not produce this log until discovery had closed, thus depriving NEMC of the ability to challenge the assertion of privilege in sufficient time to allow it to use any non-privileged documents in depositions or as a basis for further written discovery. Lifespan has offered no excusable basis for failing to produce this log shortly after the documents were withheld from Lifespan's October 19, 2007 production, over nine months ago. It is extremely unfair to NEMC if Lifespan is allowed to submit a bare-bones log after discovery has closed without so much as any identification of a justifiable and applicable privilege being invoked.

Third, the log, such as it is, does not adequately describe the documents at issue. This log is no different from the log that this Court found lacking in the *Corvello* case. *Id*. at 35-37. Like the *Corvello* log, Lifespan's log is replete with minimalist descriptions like "Email re: Seacoast Transaction," "NEMC Physician Malpractice Rates," and the like, "unaccompanied by any explanation as to why they are privileged." *Id*. at 36.

---

[2] Sometimes, such failure has been termed a "waiver" of the privilege. *Id.* at 33-34 (citing *Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (failure to submit "a complete privilege log demonstrating sufficient grounds for taking the privilege" constitutes a waiver of the privilege claim)) (internal citation omitted).

Moreover, "[t]he lack of information [is] compounded by the fact that, based on the limited information provided, it seems unlikely that many of the documents are privileged." *Id*. For instance, the following documents (using the beginning Bates number as a reference) are not privileged because: 1) a NEMC employee or attorney authored or received the document, or 2) no Lifespan attorney was involved in the communication:

L024763 (both Mark Scott and Doug Gregory are NEMC employees)

L025225 (Thomas O'Donnell is NEMC's former CEO)

L025235 (O'Donnell and Gregory are NEMC employees)

L025362 (a memo from Lifespan's former CFO to no one in particular; Lifespan's CEO and inside counsel merely received a courtesy copy)

L025457 (email regarding draft press release)

L025461 (Kimberly Troland is NEMC's inside counsel)

L025465 (unknown author or recipient, undated)

L025474 (no Lifespan attorney mentioned)

L025544 (no Lifespan attorney mentioned)

L025558 (Stephen Weiner is NEMC's outside counsel).

In addition, there are a number of documents between non-lawyers (again identified by its beginning Bates number): L025224, L025228, L025279, L025363, L025381, L025439. Even though an attorney received a courtesy copy in some instances, that fact alone is insufficient to establish that a privilege applies. The attorney-client privilege "does not shield documents merely because they were transferred to or routed through an attorney." *Resolution Trust Corp. v. Diamond*, 773 F. Supp. 597, 600 (S.D.N.Y. 1991). "What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general

business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda." *Andritz Sprout-Bauer, Inc. v. Beaser East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997) (citation omitted).

In short, as in *Corvello*, Lifespan has failed to carry its initial burden of establishing that the documents at issue qualify for any privilege because its privilege log is untimely and fails to establish any reliable basis for reaching that conclusion. *Corvello*, 243 F.R.D. at 37.

## CONCLUSION

For the foregoing reasons, NEMC requests that the Court compel Lifespan to produce all the documents on its purported June 23, 2008 privilege log.

Respectfully submitted,

NEW ENGLAND MEDICAL CENTER, INC., and
NEW ENGLAND MEDICAL CENTER
HOSPITALS, INC.,

By their attorney,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: July 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

*/s/David A. Wollin*

460696_1.doc