UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO MOTION TO COMPEL DOCUMENTS**

Plaintiff Lifespan Corporation hereby objects to the Motion to Compel filed by defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc.

A Memorandum is filed herewith.

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dsherman@eapdlaw.com

July 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2008, a copy of the within Objection was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL DOCUMENTS**

Plaintiff Lifespan Corporation hereby objects to the Motion to Compel filed by defendants New England Medical Center, Inc. and New England Medical Center Hospitals, Inc.

This is a case where many thousands of documents have been produced during the course of discovery and where privilege logs have been prepared and produced. Shortly after the close of discovery, counsel for plaintiff discovered that by inadvertence an additional privilege log relating to a subsequent production of documents had not been delivered to the defendants' counsel. Accordingly, plaintiff's counsel, in furtherance of his obligation to supplement discovery, forthwith produced the log on June 23, 2008. On July 1, 2008, counsel for defendants wrote a letter to plaintiff's counsel questioning the privilege as to certain documents and suggesting that the privilege log was inadequate. See Exhibit 2 to defendants' Memorandum of Law in Support of Their Motion to Compel Documents on Plaintiff's June 23, 2008 "Privilege Log." As a result, plaintiff's counsel reviewed the log, the descriptions therein, and the documents in question. After the review, plaintiff's counsel agreed to produce certain documents that were listed in the log, including certain documents that copied an attorney but

where the communication was not seeking, giving, or related to legal advice. See Exhibit A – Letter to David A. Wollin, Esq. from Deming E. Sherman, Esq. dated July 11, 2008. As set forth in the letter, counsel also provided information about certain persons listed on the log, many of whom were attorneys for Lifespan, to make it clearer why the privilege was asserted. Counsel also revised the privilege log to include the basis for assertion of the privilege (upon printing the initial log, a column was cut off by mistake) as to each document. See Exhibit B – Revised Privilege Log.

Prior to plaintiff's counsel responding to the July 1 letter, defendants filed this motion. Accordingly, as to the following documents, the motion is moot because they have been produced:

L024763, L025235, L025362-L025363, L025558-L025559, L025222-L025224, L025228-L025234, L025381, L025439.

Lifespan also waives the privilege as to L025225-L025227 and L025457-L025460 and has produced them. See Exhibit C.

As to the four remaining documents referenced in defendants' letter dated July 1, (Exh. 2 – defendants' Memorandum of Law), we submit that they clearly fall within the attorney-client or work product privileges:

| **Beginning Bates No.** | **Ending Bates No.** | **Subject** |
|---|---|---|
| L025461 | L025461 | E-mail dated September 13, 2002 from Kimberly Troland to Paul Alder, Esq., Kenneth Arnold, Esq., both attorneys for Lifespan, Barbara Chupp, Susan Hoffman, Therese Flynn with copy to George Vecchione regarding IS matters with NEMC. |
| L025465 | L025470 | Lifespan attorney notes (not identified) regarding Open Issues: Liability Matters between Lifespan and NEMC. |
| L025474 | L025479 | Memo dated July 9, 2002 from George Vecchione to Alfred Verrecchia attaching notes re: Potential Terms – NEMC/Lifespan [restructuring]; notes marked "confidential;" and "subject to attorney client and attorney work product privileges." |
| L025544 | L025557 | Memo dated September 25, 2002 from George Vecchione to Alfred Verrecchia, Bruce Selya, Duncan Johnson, Esq. copy to Ken Arnold, Esq., et al. including Nancy Forbes, Esq., regarding Redraft of Restructuring Agreement. |

We do not dispute the legal propositions set forth in the defendants' memorandum as to when a privilege may be asserted, but we believe that the documents withheld are privileged.

Respectfully submitted,

LIFESPAN CORPORATION

By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dsherman@eapdlaw.com

July 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2008, a copy of the within Memorandum was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman