UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**LIFESPAN'S OBJECTION TO THE MASSACHUSETTS ATTORNEY GENERAL'S MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Plaintiff Lifespan Corporation objects to the motion of Martha Coakley, the Attorney General of the Commonwealth of Massachusetts, to intervene either as a matter of right or discretion.

A Memorandum and Affidavit are filed herewith.

LIFESPAN CORPORATION
By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

August 1, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August, 2008, a copy of the within Motion was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

Christopher E. Hultquist, Esq.
chultquist@darroweverett.com

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-421T |
| | ) | |
| NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF LIFESPAN'S OBJECTION TO THE MASSACHUSETTS ATTORNEY GENERAL'S MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Plaintiff Lifespan Corporation ("Lifespan") objects to the motion of Martha Coakley, the Attorney General of the Commonwealth of Massachusetts ("Mass. A.G."), to intervene either as a matter of right or discretion. Since she brings her motion years after the applicable statute of limitation has expired, she has no legal interest to protect, and she seeks to litigate as a volunteer for the personal claims of the New England Medical Center, the Mass. A.G's motion should be denied.

**STATEMENT OF FACTS**

On October 20, 1997, Lifespan Corporation ("Lifespan"), New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC") entered into an Affiliation Agreement. As of September 30, 2002, Lifespan and NEMC executed a Restructuring Agreement that, among other things, extinguished all present and future claims by NEMC other than a possible claim for breach of the indemnity provisions set forth in Section 7.2 of the Agreement. On October 1, 2002, Lifespan notified the Mass. A.G. of the Restructuring Agreement. See Aff. of Kenneth E. Arnold ("Arnold Aff.") at ¶ 6, Ex. A.

Almost six years later and after the close of discovery in this litigation, the Mass. A.G. has moved to intervene with regard to "an existing issue in this case: whether Lifespan violated fiduciary duties it owed to NEMC."[1] Mass. A.G.'s Br. at 16.

## ARGUMENT

The Mass. A.G. argues that she is entitled to intervene as a matter of right or pursuant to this Court's discretionary powers. Each argument is rebutted in turn.

### I. THE MASS. A.G. LACKS STANDING.

In order to intervene, Article III of the Constitution requires that the Mass. A.G. has standing. See, e.g., Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999); New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 464-70 (5th Cir. 1984); Charlesgate Nursing Ctr. v. Rhode Island, 723 F. Supp. 859, 863 (D.R.I. 1989). The Mass. A.G.'s argument that she is entitled to intervene is founded on her claim that the Massachusetts legislature can grant her standing to sue in federal court. Mass. A.G.'s Br. at 5-6 (citing Mass. G.L. ch. 12, § 8G). The Mass. A.G. is wrong. See, e.g., Rifkin v. Bear Stearns & Co., 248 F.3d 628, 631-32 (7th Cir. 2001) (Illinois legislature cannot create standing in federal court); Cantrell v. City of Long Beach, 241 F.3d 674, 683-84 (9th Cir. 2001) (same, California). Mass. G.L. ch. 12, § 8G, therefore, is insufficient to confer standing on the Mass. A.G. to sue in federal court.

Likewise, the Mass. A.G. lacks standing in parens patriae. To bring a suit in parens patriae, an attorney general must seek to redress an injury to an interest that is *separate* from the interest of particular individuals and cannot merely litigate as a volunteer for the personal claims of its competent citizens. New York ex rel. Abrams v. Seneci, 817 F.2d 1015, 1017 (2d Cir. 1987) (citing Pennsylvania v. New Jersey, 426 U.S. 660, 665 (1976)); see also Estados Unidos

---

[1] The Mass. A.G. apparently has already concluded, without evidentiary support, that Lifespan "misappropriated" NEMC's charitable assets. Mass. A.G.'s Br. at 2.

Mexicanos v. DeCoster, 229 F.2d 332, 336 (1st Cir. 2000) (state must articulate an interest apart from those of private parties); Pfizer, Inc. v. Lord, 522 F.2d 612, 616 (8th Cir. 1975) ("A Parens patriae action cannot be brought to collect the damage claim of one legally entitled to sue in his own right."). Here, the Mass. A.G. merely seeks to "adopt[] a portion of NEMC's counterclaim against Lifespan," Mass. A.G.'s Br. at 12, only seeking damages on behalf of NEMC. Proposed Countercl. Prayer for Relief (b). NEMC, however, is a competent citizen capable of litigating its personal claims. Accordingly, this Court should deny intervention either as a matter of right or discretion for lack of Article III standing.

## II. THE MASS. A.G. HAS NO RIGHT TO INTERVENE BECAUSE HER CLAIM IS NOT TIMELY, SHE HAS NO PROTECTABLE LEGAL INTEREST, AND NEMC CAN ADEQUATELY REPRESENT ITS OWN INTERESTS.

To intervene as a matter of right, the Mass. A.G. must show that (1) her motion is timely, (2) she has an interest in the property or transaction that forms the basis of the action, (3) the disposition of the action may as a practical matter impair or impede her ability to protect that interest, and (4) her interest is not adequately represented by the existing parties. B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006). "An applicant who fails to meet any one of these requirements cannot intervene as of right under Rule 24(a)(2)." Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989).

### A. *The Mass. A.G.'s Motion Is Almost Six Years Too Late.*

In determining whether a motion to intervene is timely, a court should consider (1) the length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to existing parties if

intervention is allowed; and (3) the foreseeable prejudice to the applicant if the intervention is denied. Banco Popular de P.R. v. Greenblatt, 964 F.2d 1227, 1231 (1st Cir. 1992).[2]

The Motion is not timely on all three grounds. First, the Mass. A.G. has known about the Restructuring Agreement since it was executed in the fall of 2002. See Arnold Aff. at ¶ 6. Even if that were not sufficient, the Mass. A.G. has known about NEMC's claims in this suit since at least the spring of 2006 according to NEMC's counsel. Arnold Aff. at ¶ 5. Even if that were not sufficient, the Mass. A.G. concedes that she has known since April 2008 that Lifespan had allegedly denied that it owed any fiduciary duty to NEMC. Mass. A.G.'s Br. at 12.[3] Despite all this notice, the Mass. A.G. sat back until discovery closed to bring this motion.

Second, there is no prejudice to the Mass. A.G. if this motion is denied. Her interest in this matter is limited to NEMC's claim for breach of fiduciary duty. Mass. A.G.'s Br. at 16. All of the events that give rise to her putative claims occurred before the parties entered into the Restructuring Agreement in 2002, of which she received notice. See Proposed Countercl. ¶¶ 10-15; Arnold Aff. ¶ 6. The statute of limitations for breach of fiduciary duty under Massachusetts law[4] is three years after the plaintiff knew or should have known of the alleged breach of fiduciary duty. Doe v. Harbor Schs., Inc., 446 Mass. 245, 256, 843 N.E.2d 1058, 1066-67

---

[2] A fourth factor, which addresses "idiocratic circumstances," id., is subsumed in Lifespan's analysis.

[3] In fact, Lifespan did not make this statement. What Lifespan stated was that it had no fiduciary duty to NEMC beyond the terms of its agreement with NEMC. See Lifespan's Amended Resp. to NEMC's Req. for Admis. No. 5, [Ex. 1]. Consequently, it is not liable to NEMC in tort for breach of fiduciary duty. See, e.g., Superior Glass Co., Inc. v. First Bristol Cty Nat'l Bank, 380 Mass. 829, 832, 406 N.E.2d 672, 674 (1980) (no fiduciary duty where relation was "an arm's-length business relation"); Vakil v. Anesthesiology Assocs. of Taunton, Inc., 51 Mass. App. Ct. 114, 118-19, 744 N.E.2d 651, 655 (2001) (notwithstanding fiduciary obligations to minority shareholder in close corporation, majority shareholders could terminate employment under terms of employment agreement).

[4] Lifespan and NEMC disagree as to what law applies. Without waiving its right to assert that Rhode Island law applies, Lifespan will assume, arguendo, that Massachusetts law applies for the purpose of this motion.

(2006).[5] Consequently, the Mass. A G.'s claim would be barred by the statute of limitations, so she suffers no prejudice if she is not allowed to intervene.

Third, Lifespan would be prejudiced if the Mass. A.G. were allowed to intervene. The "purpose of a timeliness analysis is to prevent last minute disruption of painstaking work by the parties and court." Mass. A.G.'s Br. at 11. Discovery in this case closed on June 20, 2008, almost three months after the Mass. A.G. knew about Lifespan's position in this litigation. Compare Scheduling Order ¶ 1 (as amended) with Mass. A.G.'s Br. at 12-13. As Lifespan advised the Court, it is ready to move for summary judgment on NEMC's claim for breach of fiduciary duty. Contrary to the assertion of the Mass. A.G., see Mass. A.G.'s Br. at 13, this Court would have to immediately reopen discovery, including written discovery and depositions, if this Court were to allow intervention. With regard to Lifespan's affirmative defense of statute of limitations, see Ans., 4th Aff. Def.,[6] Lifespan would be entitled to discover what the Mass. A.G. knew about this matter, when she knew it, and the circumstances surrounding the Motion to Intervene. Lifespan would also have to depose the trustees of NEMC whose authorization of the Restructuring Agreement would be an intervening cause. As many as six of NEMC's trustees served on the Lifespan Board, and the Vice Chairman of the Lifespan Board, Malcolm Sherman, also served as Chairman of the NEMC Board. See Arnold Aff. ¶ 7. Any claim of breach of fiduciary duty by the Mass. A.G. would necessarily involve NEMC's trustees who had fiduciary

---

[5] The Mass. A.G. contends that there is no statute of limitations "applicable to the Attorney General's enforcement of fiduciary obligations owed to a charity." Mass. A.G.'s Br. at 9 n.2. The case cited by her, Davenport v. Attorney General, 361 Mass. 372, 377-78, 280 N.E.2d 193, 197 1972), focuses, however, on the duty owed by the trustees (i.e., here the Board of NEMC), not a third party.

[6] Given the equitable theory advanced by the Mass. A.G., Lifespan would also have to move to amend its answer to the counterclaim to assert the equitable defense of laches. See Attorney Gen'l v. Old South Soc'y in Boston, 95 Mass. 474, 495 (1866) ("The length of time for which a court of chancery will require the trustees of a charity to account for income … is much affected by the particular circumstances of each case.").

duties to NEMC, greatly complicating this litigation. Lifespan, therefore, would be prejudiced if the Mass. A.G. were allowed to intervene.[7]

*B. By Her Own Admission, the Mass. A.G. Has No Legally Protectable Interest in the Relationship between NEMC and Lifespan.*

The protectable "interest" requirement is subject to a narrow reading. Donaldson v. United States, 400 U.S. 517, 530-31 (1971). To constitute a legally protectable interest, the interest must be direct and recognized under the substantive law as belonging to the movant. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); New Orleans, 732 F.2d at 463-64. An interest of general and indefinite character is insufficient. H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 88 (2d Cir. 1986) (denying motion by New York's A.G.).

The interest at stake here is the right of the Mass. A.G. to look beyond the four corners of a contract with a Massachusetts charity and impress a fiduciary duty on the other party, in this case ironically a Rhode Island charity. Cf. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 269 (3d Cir. 2008) (fiduciary duty of hospital runs to patients, not contracting parties). The Mass. A.G. admits, however, that she has no protectable interest whatsoever:

> Lifespan's new assertion, that it never owed a fiduciary duty to NEMC, raises a significant legal issue of great importance to the Attorney General's role in regulating Massachusetts public charities, an issue which has not yet been addressed under Massachusetts law.

Mass. A.G.'s Br. at 12 (emphasis added). Thus, by her own admission, she fails to satisfy the second requirement for mandatory intervention.[8]

---

[7] The Mass. A.G.'s assertion that "[t]here will be no disruption or change of tactics for the parties now resulting from the Attorney General's filing an answer with a counterclaim adopting a portion of NEMC's counterclaim against Lifespan," Mass. A.G.'s Br. at 12, is flatly contradicted, Mass. A.G.'s Br. at 9, by her own brief wherein she serves notice that, as a nonparty, she will not be bound by the Restructuring Agreement that is the centerpiece of Lifespan's arguments.

[8] The Mass. A.G.'s interest is also not direct. See Travelers, 884 F.2d at 638. By seeking to intervene for the benefit of NEMC, the Mass. A.G. ignores the fact that both NEMC and Lifespan signed the Restructuring Agreement; thus, any breach of fiduciary duty to the people of Massachusetts is also contingent on a breach by the trustees of NEMC for entering into the Restructuring Agreement which would have to be the subject of another suit.

*C. Resolution of this Case Will Not Impede the Mass. A.G.'s Ability to Protect Her Putative Interest where She Threatens to Bring an Action in the Massachusetts State Courts.*

If an applicant can protect its interest elsewhere, then a motion to intervene should be denied. See, e.g., Hayden, 797 F.2d at 88 (denying motion of New York attorney general to intervene in discovery dispute where he had subpoena power).[9] Inconvenience to the intervenor in protecting its interest elsewhere is not enough. See, e.g., Blake v. Pallan, 554 F.2d 947, 951 (9th Cir. 1977) (motion to intervene by California Corporations Commissioner denied). Likewise, some vague claim concerning a state's need to enforce its own laws is insufficient. United States v. Texas E. Transmission Corp., 923 F.2d 410, 414 (5th Cir. 1991) (denying Pennsylvania's motion to intervene). The Mass. A.G. expressly states that if her motion to intervene is not granted, she "would be forced to initiate yet a third lawsuit, in Massachusetts state court." Mass. A.G.'s Br. at 8. While we do not concede that there is any basis for such a suit, we submit that by making this admission, the Mass. A. G. concedes that she fails to meet the second requirement.

*D. NEMC Can Adequately Represent Its Own Interests, Particularly Where the Only Relief Sought by the Mass. A.G. Is the Payment of Damages to NEMC.*

The Mass. A.G. bears the burden of showing that NEMC's representation of her interest may be inadequate. Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972). "[I]n cases where the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies." Fernandez, 440 F.3d at 546. See, e.g., Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1998) (no intervention because applicant and party both sought refund from defendant of

[9] Rhode Island Cogeneration Assocs. v. City of East Providence, 728 F. Supp. 828 (D.R.I. 1990), is distinguishable from this case. In R.I. Cogeneration, the District Court found that the City of East Providence would not adequately represent the state of Rhode Island. Id. at 831. By contrast here, the Mass. A.G. seeks the very same damages for breach of fiduciary duty that NEMC seeks. Proposed Countercl. Prayer for Relief (b).

money paid under void sales contract); Resolution Trust Corp. v. City of Boston, 150 F.R.D. 449, 451-52 (D. Mass. 1993) (no intervention where City and Commonwealth sought same outcome).

By singling out Lifespan and consciously overlooking any rights she might have against the trustees of NEMC, the Mass. A.G. cannot overcome that presumption. While the "Attorney General has exclusive standing to enforce the rights of a charity's beneficiaries to correct abuses in the administration of a public charity," Mass. A.G.'s Br. at 5 (citing Weaver v. Wood, 425 Mass. 270, 275-76, 680 N.E.2d 918, 922 (1997)), she has conceded that her proposed counterclaim "mirrors NEMC's counterclaim," id. at 2. Indeed, she requests that this Court "[a]ward NEMC damages it suffered as a result of the breaches of fiduciary duty committed by Lifespan." Proposed Countercl. Prayer for Relief (b). By "adopting a portion of NEMC's counterclaim," Mass. A.G.'s Br. 12, seeking damages from Lifespan and not bringing suit against both parties to the Restructuring Agreement (NEMC and Lifespan) as well as the individual trustees of NEMC, the Mass. A.G. concedes that NEMC can adequately represent her rights, and that, indeed, she is nothing more than a volunteer to represent the personal claims of NEMC. Cf. Seneci, 817 F.2d at 1017. Thus, this Court should deny the Mass. A.G.'s motion to intervene.

## III. THE MASS. A.G. CANNOT PERMISSIVELY INTERVENE BECAUSE HER MOTION IS NOT TIMELY, NEMC CAN ADEQUATELY REPRESENT ITS OWN INTERESTS, AND SHE DOES NOT RAISE COMMON QUESTIONS OF LAW OR FACT.

The Mass. A.G. seeks permissive intervention pursuant to Rule 24(b)(2) "in her regulatory role over Massachusetts public charities." Mass. A.G.'s Br. at 2. Permissive intervention depends on whether "(1) 'the applicant's claim or defense and the main action have a question of law or fact in common;' (2) the applicant's interests are not adequately represented

by an existing party; and (3) intervention would not result in undue delay or prejudice to the original parties." In re Thompson, 965 F.2d 1136, 1142 n.10 (1st Cir. 1992). As framed by the Mass. A.G., her motion misses all three marks.

First, for the reasons set forth above, it is within this Court's discretion to deny her motion as untimely given the close of discovery and the imminence of Lifespan's motion for summary judgment. Compare Southmark Corp. v. Cagan, 950 F.2d 416, 419 (7th Cir. 1991) (intervention at time of pending summary judgment motion denied) and Caterino v. Barry, 922 F.2d 37, 41-42 (1st Cir. 1990) (intervention months after the close of discovery denied) with Charlesgate, 723 F. Supp. at 862 (allowing motion "a few weeks after suit was begun").

In addition, for the reasons set forth above, the Attorney General's interests are adequately represented given that she seeks only to file a complaint that "mirrors" that of NEMC and the only relief that she seeks is that this Court award damages to NEMC. See Proposed Countercl. Prayer for Relief (b); cf. Resolution Trust Corp., 150 F.R.D. at 454 (governmental status not dispositive).

Finally, the Mass. A.G.'s claim does not raise common issues of law or fact. Whereas resolution of the claims between Lifespan and NEMC will turn on the construction of the Restructuring Agreement, the Attorney General has eschewed the Restructuring Agreement on the ground that she is not a party to it: "Only the Attorney General can pursue the fiduciary claims against Lifespan without the need to show that those claims may not be barred by a release of claims in the Restructuring Agreement." Mass. A.G.'s Br. at 9 (footnote omitted). By conceding that her theory of the case is different than that of NEMC, the Mass. A.G. vitiates her own argument that her claim raises common issues of law or fact.

## CONCLUSION

The Mass. A.G.'s Motion to Intervene is a day late and a dollar short. Despite ample notice, the Mass. A.G. failed to file her motion until after the close of discovery and on the eve of Lifespan filing its motion for summary judgment. Those facts alone warrant this Court exercising its discretion to deny her motion. In addition, she has admittedly failed to advance a protectable interest, and the relief that she seeks, the payment of damages by Lifespan to NEMC, fails to rebut the presumption that NEMC can adequately represent its own interests. Finally, her failure to sue the trustees of NEMC as well as Lifespan is telling. Thus, for all the foregoing reasons, the Attorney General's Motion to Intervene should be DENIED.

LIFESPAN CORPORATION
By its attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
Jon M. Anderson (#3946)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

August 1, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2008, a copy of the within Memorandum was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Christopher E. Hultquist, Esq.
chultquist@darroweverett.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

/s/ Deming E. Sherman