# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | C. A. No. 06-421T |

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

1. NEMC was an Affiliate of Lifespan during the Affiliation Period.

**RESPONSE: Admitted that NEMC was an affiliate of Lifespan pursuant to the Amended and Restated Master Affiliation Agreement ("Affiliation Agreement") between New England Medical Center, Inc. and Lifespan Corporation.**

2. Attached as Exhibit 1 is a true and accurate copy of Amended and Restated Master Affiliation Agreement between New England Medical Center, Inc. and Lifespan Corporation.

**RESPONSE: Admitted to the extent that Exhibit 1 contains the body of the Affiliation Agreement; however, denied that it is the entire Affiliation Agreement since the exhibits are not attached to Exhibit 1.**

3. Exhibit 1 is a document kept in the course of Lifespan's regularly conducted business activity, and it is the regular practice of that business activity to make such a document.

**RESPONSE: Admitted.**

4. Lifespan owed NEMC a fiduciary duty during the Affiliation Period.

**RESPONSE: Denied. Lifespan had obligations to NEMC as provided by the Affiliation Agreement and its Bylaws, the same as NEMC had obligations to Lifespan as set forth in the Affiliation Agreement and its Bylaws. The Affiliation Agreement was a mutual contractual agreement and the Affiliation Agreement defined the respective obligations. There were no fiduciary duties outside the Affiliation Agreement and Bylaws.**

5. Lifespan owed NEMC a fiduciary duty of care and loyalty during the Affiliation Period.

**<u>RESPONSE</u>: Denied. Lifespan had obligations to NEMC as provided by the Affiliation Agreement and its Bylaws, the same as NEMC had obligations to Lifespan as set forth in the Affiliation Agreement and its Bylaws. The Affiliation Agreement was a mutual contractual agreement and the Affiliation Agreement defined the respective obligations. There were no fiduciary duties outside the Affiliation Agreement and Bylaws.**

6. Lifespan had authority over the financial affairs of all the Affiliates during the Affiliation Period including NEMC.

**<u>RESPONSE</u>: Admitted in part, but qualified as follows: Lifespan had such authority over the affairs of the Affiliates as was provided by the Affiliation Agreement and the Bylaws of Lifespan and its Affiliates, and the "reserved powers" set forth therein, but this was not complete authority since the Affiliates had responsibility over their respective financial affairs as set forth in their respective Bylaws. Denied otherwise.**

7. Lifespan had full operational control over NEMC during the Affiliation Period.

**<u>RESPONSE</u>: Denied. Admitted to the extent that Lifespan had such operational control over the affairs of NEMC as was provided by the Affiliation Agreement and the Bylaws of Lifespan and NEMC; however, this did not amount to full operational control, because NEMC had operational control over its affairs in accordance with its Bylaws.**

8. Attached as Exhibit 2 is a true and accurate copy of the Lifespan Finance Committee Meeting Minutes from the June 3, 1997 meeting.

**<u>RESPONSE</u>: Admitted.**

9. Exhibit 2 is the only copy of the June 3, 1997 Lifespan Finance Committee Meeting Minutes produced by Lifespan in discovery.

**<u>RESPONSE</u>: Admitted.**

10. Exhibit 2 is the final and only version of the June 3, 1997 Lifespan Finance Committee Meeting Minutes in Lifespan's possession.

**<u>RESPONSE</u>: Admitted.**

11. Exhibit 2 is a document kept in the course of Lifespan's regularly conducted business activity, and it is the regular practice of that business activity to make such a document.

**<u>RESPONSE</u>: Admitted.**

12. At all times during the Affiliation Period, Lifespan was responsible for the overall financial management of the Lifespan system including all its Affiliates, including NEMC.

LIFESPAN CORPORATION

By its attorneys,

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

March 31, 2008

CERTIFICATION

I hereby certify that on the 31st day of March, 2008, a copy of the within Plaintiff's Amended Responses to Defendants' First Set of Requests for Admissions was mailed to the following counsel of record:

David A. Wollin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903-1345

Jeffrey T. Rotella, Esq.
Adler Pollock & Sheehan P.C.
175 Federal Street - 10th Fl.
Boston, MA 02110