UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | ) | C. A. No. 06-421T |

**AFFIDAVIT OF KENNETH E. ARNOLD**

I, Kenneth E. Arnold, on oath depose and say:

1. I am Senior Vice President, General Counsel and Secretary of Lifespan Corporation ("Lifespan") and have personal knowledge of the facts set forth herein.

2. In February 2006, Jeffrey A. Weinstein, Esq., General Counsel of New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively, "NEMC"), told me that NEMC had violated its bond covenants two years before. They were contemplating a refunding of some of their bonds in the summer of 2006. They had been forced to renegotiate their existing covenants, and had successfully done so. As a result of the new covenants, NEMC had regular reporting requirements, including their financial results. He told me at that time that representatives of the Massachusetts Attorney General's office had been at NEMC essentially every month and were due for a visit soon and that the Massachusetts Attorney General's Office was very interested in NEMC and its financial condition.

3. Mr. Weinstein also told me that NEMC's board, including subcommittees and committees, and management had decided not to pay the $1.8 million due Lifespan in January

2006 under the Restructuring Agreement. He told me he had advised them there was a good chance that Lifespan would sue NEMC for the amounts due.

4. Mr. Weinstein and I had discussions about issues between NEMC and Lifespan under the Restructuring Agreement and otherwise from January through September 2006, when Lifespan filed this action.

5. In the spring of 2006, Mr. Weinstein told me that NEMC had the approval of the Massachusetts Attorney General's Office to file suit against Lifespan for essentially the same claims that are the subject of the Counterclaim in the litigation, including the breach of fiduciary duty claim. He told me that the Attorney General's Office continued to monitor NEMC closely and that they were in regular communication with NEMC management.

6. On October 1, 2002, Lifespan of Massachusetts, Inc., through counsel, notified the Massachusetts Attorney General of the restructuring of the NEMC/Lifespan relationship. A true and correct copy of the notice letter is attached as Exhibit A.

7. Attached as Exhibit B is the list of NEMC trustees who also served as trustees of Lifespan. Malcolm Sherman also served as Vice Chairman of Lifespan and served in that position at the time of the Restructuring Agreement in 2002.

Kenneth E. Arnold

STATE OF RHODE ISLAND
PROVIDENCE, Sc.

Subscribed and sworn to before me by Kenneth E. Arnold, Senior Vice President, General Counsel, and Secretary of Lifespan Corporation, this 1st day of August, 2008.

Fran Motroni
Notary Public

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2008, a copy of the within Affidavit was sent by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

Christopher E. Hultquist, Esq.
chultquist@darroeverett.com

/s/ Deming E. Sherman