# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>VS.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.<br><br>Defendants. | C. A. No. 06-421T |

**DECLARATION OF JEFFREY WEINSTEIN, ESQ.**

Jeffrey Weinstein, Esq., as his declaration under penalty of perjury pursuant to 28 U.S.C. §1746, states as follows:

1. I am Senior Vice President, Secretary and General Counsel of Tufts Medical Center, formerly Tufts-New England Medical Center, Inc. and New England Medical Center Hospitals, Inc. (collectively "NEMC").

2. I have read the August 1, 2008 Affidavit of Kenneth E. Arnold, Esq., submitted in support of Lifespan's Objection to the Massachusetts Attorney General's Motion to Intervene ("Lifespan's Objection").

3. Mr. Arnold and I, as well as other members of management of Lifespan and NEMC, had numerous conversations regarding issues arising from the disaffiliation. These discussions were ongoing from 2003 through 2006. The conversations that Mr. Arnold and I had from 2003 through 2006 were in the nature of settlement communications of known disputes between Lifespan and NEMC. Those conversations were confidential and not to be used in

litigation, if any occurred. Based on my conversations with Mr. Arnold, I understood as I believed he did that the conversations were confidential settlement discussions. In those many conversations, Mr. Arnold was apprised of NEMC's claims that Lifespan had overcharged NEMC for corporate services, made improper corporate allocations, had misrepresented material facts, some through omissions that led to substantial losses in a failed swap arrangement proposed and promoted by Lifespan, had failed to exercise appropriate oversight over NEMC and had specifically caused NEMC to incur substantial operating losses as a result of its gross negligence and willful misconduct. I shared with Mr. Arnold the specifics of our claims.

4. Mr. Arnold inaccurately recounts certain confidential conversations he had with me during that time period. Specifically, Mr. Arnold is inaccurate when he states in paragraph 3 of his affidavit that NEMC's Board, including subcommittees and committees, and management had decided not to pay the $1.8 million due Lifespan in January 2006 under the Restructuring Agreement. NEMC's Chief Executive Officer after consultation with members of the Executive Committee made the decision not to pay Lifespan. I subsequently informed the Board of that decision. Mr. Arnold is further inaccurate in stating that I told him that I had advised NEMC's Board that there was a good chance that Lifespan would sue NEMC for the amounts due.

5. Mr. Arnold is also inaccurate in stating in paragraph 5 of his affidavit that I told him that NEMC had the approval of the Massachusetts Attorney General's Office to file suit against Lifespan for essentially the same claims that are the subject of the counterclaim in the litigation, including the breach of fiduciary duty claim. I do not believe I ever told Mr. Arnold that NEMC had the approval of the Massachusetts Attorney General to file suit. In fact, I never sought approval from the Massachusetts Attorney General's office to file the counterclaim and would not need to do so. My discussions with the Attorney General's office concerned their

monitoring of our dire financial situation which, in NEMC's view, was caused by Lifespan's gross failings during the affiliation.

6. During my discussions with Mr. Arnold, I do not recall him ever indicating that Lifespan denied owing any fiduciary duty to NEMC during the affiliation. Nor did I ever inform the Massachusetts Attorney General, prior to this lawsuit being filed by Lifespan in 2006, that Lifespan denied owing a fiduciary duty to NEMC. Moreover, there is nothing in the Restructuring Agreement that indicates or suggests that Lifespan denied owing a fiduciary duty to NEMC during the affiliation. I was surprised to learn that Lifespan took the position that it did not owe a fiduciary duty to NEMC when I received a copy in April 2008 of Lifespan's Amended Responses to Defendants' First Set of Requests for Admission dated March 31, 2008, a copy of which is attached as Exhibit 1 to Lifespan's Objection. This was contrary to the deposition testimony in this case of Lifespan's Chief Executive Officer, George Vecchione. Shortly thereafter, I transmitted those responses to the Massachusetts Attorney General's office. To my knowledge, that is the first time the Massachusetts Attorney General was informed that Lifespan denied owing a fiduciary duty to NEMC during the affiliation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2008

Jeffrey A. Weinstein

Jeffrey Weinstein

464268_1.doc