UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIFESPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., AND NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,<br><br>Defendants. | C. A. No. 06-421-T-DLM |

**REPLY MEMORANDUM IN SUPPORT OF ATTORNEY GENERAL'S MOTION TO INTERVENE AS OF RIGHT, OR ALTERNATIVELY FOR PERMISSIVE INTERVENTION**

In reply to the opposition of the plaintiff, Lifespan Corporation, to her motion to intervene in this matter, the Massachusetts Attorney General submits this memorandum of law. With statutory responsibility over the due application of charitable funds, the Attorney General has a protectable interest in this matter, one which may be impaired or impeded if she is not allowed to intervene; moreover, the defendants (collectively, "NEMC") cannot adequately represent the Attorney General's interest. As her motion is timely, the Attorney General has met all requirements for intervention as of right. See Fernandez v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006). She has also satisfied the requirements for permissive intervention. The flimsy objections raised by Lifespan to these principles evaporate under close scrutiny.[1]

## I. THE ATTORNEY GENERAL HAS MET ALL REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24(a).

Lifespan's arguments on timeliness are unavailing. Importantly, "the requirement of timeliness is…a guard against prejudicing the original parties." Ozee v. American Council on

[1] The Attorney General notes that, in its opposition, Lifespan has assumed that Massachusetts law applies.

Gift Annuities, Inc., 110 F.3d 1082, 1095 (5th Cir. 1997) (intervention by state attorney general after a delay of months).[2] The Attorney General moved to protect her interest after learning in April that Lifespan repudiated its fiduciary duties to NEMC, compare Depo. Tr. of George Vecchione, CEO of Lifespan, at 23-26 (Attachment 1), with Lifespan Opp. Exh. 1 (Lifespan's Amended Responses to Requests for Admission). See also Declaration of Jeffrey Weinstein, Esq. (attached to NEMC's Reply).

Lifespan's attempts to manufacture prejudice if the Attorney General intervenes now are without merit. Lifespan contends that it would need additional discovery with regard to a statute of limitations defense, and in order to depose NEMC trustees on the fiduciary duty claim which it asserts is implicated by their vote for the Restructuring Agreement. Lifespan Opp. at 5. But no statute of limitations applies to the Attorney General in these circumstances, so no discovery could be justified on that issue.[3] Furthermore, no additional discovery requirements would be created by the Attorney General's fiduciary duty claim, which is identical with NEMC's fiduciary duty claim.[4] Lifespan will suffer no prejudice if the Attorney General is permitted to intervene now.

Lifespan has no basis to challenge the interest of the Attorney General in this matter, which is direct, substantial and legally protectable, as required by First Circuit precedent.

---

[2] The Ozee decision was vacated on other grounds, 502 U.S. 1011 (1997), and on subsequent appeal, the attorney general was again allowed to intervene. 143 F.3d 937, 941 n.7 (5th Cir. 1998).

[3] There is no statute of limitations on enforcement of fiduciary obligations involving public charitable funds, even when enforcement is sought after many years. See Davenport v. Attorney General, 361 Mass. 372, 377-78, 280 N.E.2d 193, 197 (1972) (mere delay will not defeat a charitable trust); Shattuck v. Wood Memorial Home, 319 Mass. 444, 451, 66 N.E.2d 568, 573 (1946) (lapse of many years no bar to action); Trustees of Andover Theological Seminary v. Visitors of Theological Institution in Phillips Academy in Andover, 253 Mass. 256, 298, 148 N.E. 900, 918 (1925) (no length of time will prevent charitable foundation from being restored to true purpose). Lifespan's bald assertion that these cases do not apply to Lifespan, as a third party contracting with NEMC, begs the core question whether Lifespan's near-total control of NEMC created a fiduciary duty to NEMC, a public charity. Further, Lifespan's reliance on Doe v. Harbor Schools, Inc., 446 Mass. 245, 256, 843 N.E.2d 1058, 1066-67 (2006), is inapt. That case involved a counselor/counselee relationship and did not involve a public charity fiduciary duty.

[4] Nor is Lifespan prejudiced by what it claims is the need to amend its answer to the counterclaim to assert a laches defense, see Lifespan Opp. at 5 n.6. The doctrine of laches does not run against public rights. Weston Forest and Trail Association, Inc. v. Fishman, 66 Mass.App.Ct. 654, 657, 849 N.E.2d 916, 920 (2006).

Travelers Indemnity Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989). By Massachusetts statute, she has the *exclusive* authority to protect the public interest with regard to the due application of charitable funds. Therefore, it is clear that she has satisfied the interest requirement under federal precedent.[5] See Rhode Island Cogeneration Associates v. City of East Providence, 728 F. Supp. 828, 830-31 (D.R.I. 1990).

Lifespan wrongly contends that the Attorney General lacks standing to intervene, and that an act of the Massachusetts legislature cannot confer standing in federal court. Lifespan Opp. at 2. However, the cases cited by Lifespan each deals with suits invoking federal question jurisdiction. See Rifkin v. Bear Stearns & Co., Inc., 248 F.3d 628 (7th Cir. 2001) and Cantrell v. City of Long Beach, 241 F.3d 674 (9th Cir. 2001). In suits invoking diversity jurisdiction in which all claims are based on state law, federal courts apply the state law of standing. 13A Wright, Miller, and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3531.14. See also Cantrell v. City of Long Beach, 241 F.3d at 684 ("state law can create interests that support standing in federal courts….state statutes constitute state law that can create such interests."). The provisions of Mass. Gen. L. ch. 12, § 8G, making the Attorney General a party in all judicial proceedings involving her duties of oversight over public charities, provide the requisite interest to confer standing in this matter.

By raising the specter of having to file suit in Massachusetts if she is not permitted to intervene, the Attorney General has conceded nothing. See Lifespan Opp. at 7. If she is not permitted to intervene, her interest will be impaired as a practical matter. The federal rules, in

[5] The fact that Massachusetts courts have not addressed whether Lifespan's near-total control of NEMC created a fiduciary duty to NEMC, see Lifespan Opp. at 6, does not affect the Attorney General's standing, although her intervention would assist the Court in clarifying Massachusetts law on that issue. Furthermore, Lifespan's contention that the Attorney General now seeks to impress fiduciary duties on Lifespan that did not exist, see Lifespan Opp. at 6, is disingenuous; she merely seeks to enforce fiduciary duties which were contemplated by the parties by virtue of Lifespan's extensive control of NEMC.

their current form, were adopted in part to avoid a "fragmented approach to adjudication" such as would result if the Attorney General were denied intervention in this matter. Nuesse v. Camp, 385 F.2d 694, 702 (D.C. Cir. 1967). The Attorney General's legitimate concerns, see A.G.'s Br. at 9-10, remain and cannot be dismissed by the authorities cited by Lifespan.[6] Absent intervention, the Attorney General will not be merely inconvenienced; she will suffer an inability to effectively assert her statutory authority.

As stated in her principal brief, see A.G.'s Br. at 9-10, NEMC cannot adequately protect the Attorney General's public interests. None of Lifespan's arguments refutes this. Even assuming that there may be a rebuttable presumption of adequate representation in a case such as this, in order to overcome that presumption an "intervenor need only offer 'an adequate explanation as to why' it is not sufficiently represented by the named party." Fernandez v. Kellogg USA, Inc., 440 F.3d at 546 (citation omitted). The Attorney General has done so, and thus has overcome the presumption. The requirement is a minimal one. Northeast Ohio Coalition for the Homeless v. Blackwell, 467 F.3d 999, 1007 (6th Cir. 2006). The Attorney General seeks to intervene to assert a public right to assets given for charitable purposes; to the extent that she seeks some of the same relief as NEMC, that does not mean that NEMC can adequately represent her interest.[7]

## II. LIFESPAN MISSTATES THE REQUIREMENTS FOR PERMISSIVE INTERVENTION BY A GOVERNMENT OFFICER OR AGENCY.

Lifespan misstates the requirements for permissive intervention by a public official and

[6] United States v. Texas Eastern Transmission Corp., 923 F.2d 410, 414 (5th Cir. 1991) is distinguishable (a consent decree clearly laid out how and against which entities the decree was to apply), as is H.L. Hayden Co. of N.Y., Inc. v. Siemens Medical Systems, Inc., 797 F.2d 85, 88 (2d Cir. 1986) (state attorney general sought to intervene to obtain discovery documents that could also be obtained through that official's subpoena power).

[7] The notion that the Attorney General is a volunteer to represent the "personal" claims of NEMC in "private" litigation is misguided, since the Attorney General represents the public interest in charitable trusts. Additionally, any reliance placed by Lifespan on New York ex rel. Abrams v. Seneci, 817 F.2d 1015 (2d Cir. 1987), is inapt, as that case is a federal question standing case.

ignores the considerations behind Rule 24(b)(2)(A): "permissive intervention is available [to a public official] because an aspect of the public interest with which he is officially concerned is involved in the litigation." Nuesse v. Camp, 385 F.2d 694, 706 (D.C. Cir. 1967). See also 7C Wright, Miller, and Kane, Federal Practice & Procedure: Civil 3d § 1912. That is the case here. Subject to discretionary concerns about timeliness and potential prejudice to original parties, see Rule 24(b), federal courts allow permissive intervention to a public official seeking to vindicate a statute administered by that official. See, e.g., Nuesse v. Camp, 385 F.2d at 705-06 (intervention by state banking commissioner); Metro Transportation Co. v. Balboa Insurance Co., 118 F.R.D. 423, 424 (E.D. Pa. 1987) (intervention by state utility commission); Guaranty Trust Co. of N.Y. v. West Virginia Turnpike Commission, 109 F.Supp. 286, 294 (D.C. W.Va. 1952) (intervention by state attorney general).[8] As one court concluded, the wording of Rule 24(b) "expressly invites governmental agency intervention." Metro Transportation Co., 118 F.R.D. at 424.

Lifespan wrongly contends that the Attorney General's claim involves no common issues of law or fact. However, the Attorney General seeks to assert a claim that Lifespan violated its fiduciary duties to NEMC; NEMC has also asserted that same claim. "If there is a common question of law or fact, the requirement of the rule has been satisfied." 7C Wright, Miller, and Kane, Federal Practice & Procedure: Civil 3d § 1911.

## III. CONCLUSION.

For the reasons set forth herein, and for the reasons set forth in her principal memorandum, the Massachusetts Attorney General respectfully requests that this Court grant her motion to intervene in the above-captioned proceedings.

---

[8] See also Narragansett Electric Co. v. Constellation Energy Commodities Group, Inc., 526 F.Supp.2d 260, 275 (D.R.I. 2007) (allowing permissive intervention by the State of Rhode Island because of its ongoing interest in the issues involved in the dispute between the parties).

RESPECTFULLY SUBMITTED,

MARTHA COAKLEY
ATTORNEY GENERAL

BY: *__/s/ Christopher E. Hultquist__*
Christopher E. Hultquist (#5264)
Special Assistant Attorney General
DarrowEverett LLP
One Turks Head Place—Suite 500
Providence, RI 02903
Tel: (401) 453-1200
Fax: (401) 453-1201
Email: chultquist@darroweverett.com

Eric Carriker, Assistant Attorney General
(admitted pro hac vice)
Jonathan Green, Assistant Attorney General
(admitted pro hac vice)
Non-Profit Organizations/
Public Charities Division
One Ashburton Place, Room 1813
Boston, MA 02108
Tel: (617) 727-2200
Fax: (617) 727-2920

Dated: August 11, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2008, I filed the Reply Memorandum In Support Of Attorney General's Motion To Intervene As Of Right, Or Alternatively For Permissive Intervention, electronically, and it is available for viewing and downloading from the ECF system. I sent a true copy of the within document by electronic means (ECF) to the following counsel of record:

David A. Wollin, Esq.
dwollin@apslaw.com

Jeffrey T. Rotella, Esq.
jrotella@apslaw.com

Deming E. Sherman, Esq.
dsherman@eapdlaw.com

<u>*/s/ Christopher E. Hultquist*</u>

Dated: August 11, 2008