UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN CORPORATION,<br>Plaintiff,<br>v.<br><br>NEW ENGLAND MEDICAL CENTER, INC., and NEW ENGLAND MEDICAL CENTER HOSPITALS, INC.,<br>Defendants. | : | CA 06-421 T |

**ORDER**
**GRANTING MOTION TO COMPEL**

Before the Court is Defendants' Motion to Compel Documents on Plaintiff's June 23, 2008[,] "Privilege Log" (Doc. #77) ("Motion to Compel" or "Motion"). A hearing was held on August 12, 2008. The Motion seeks to compel Plaintiff Lifespan Corporation ("Plaintiff" or Lifespan") to produce the documents listed on a privilege log. For the following reasons, the Motion is granted.

First, Lifespan's assertion of privilege as to the documents identified in the privilege log is untimely. See Corvello v. New England Gas Co., 243 F.R.D. 28, 33 (D.R.I. 2007)("The party asserting privilege must 'do so in a timely and proper manner.'") (quoting Marx v. Kelly, Hart & Hallman, PC, 929 F.2d 8, 12 (1st Cir. 1991)). Fifty-five documents were withheld from Lifespan's October 19, 2007, production. See Defendants' Memorandum of Law in Support of Their Motion to Compel Documents on Plaintiff's June 23, 2008[,] "Privilege Log" ("Defendants' Mem."), Exhibit ("Ex.") 1 (Letter from Sherman to Wollin of 6/23/08); id., Attachment ("Att.") (June 23, 2008, Privilege Log). Defendants did not learn of this fact until almost nine months later when they received a letter from Lifespan's counsel with the privilege log. See Defendants' Mem., Ex. 1. Moreover, by the time

Lifespan produced the privilege log, discovery had closed.[1] This deprived Defendants of the opportunity to even challenge the claim of privilege while they still had the opportunity to make use of the documents (if their challenge to Lifespan's claim of privilege was successful) during the discovery phase of the case.

Lifespan's explanation that the delay was due to "inadvertence," Memorandum in Support of Objection to Motion to Compel Documents ("Plaintiff's Mem.") at 1, does not alter the Court's determination that Lifespan failed to promptly assert its claim of privilege. The withholding of documents sought in discovery is a serious matter, and a party taking such action must insure that it fully and promptly complies with the procedure prescribed in Fed. R. Civ. P. 26(b)(5)(A). Cf. Fed. R. Civ. P. 45(d)(2)(A). The fact that during the course of this litigation Lifespan has made several document productions to Defendants and has also provided privilege logs in connection with some of those productions may mitigate somewhat its failure to provide one with the October 19, 2007, production, but it does not excuse it.

Second, when Lifespan belatedly provided the privilege log on June 23, 2008, the log did not any identify any privilege(s) in connection with the documents withheld. See Defendants' Mem., Ex. 1, Att. After receiving a letter from Defendants' counsel noting this deficiency, see Defendants' Mem., Ex. 2 (Letter from Wollin to Sherman of 7/1/08), Lifespan's counsel subsequently provided the information by sending Defendants' counsel a "Revised Privilege Log," Plaintiff's Mem., Ex. B (Revised Privilege Log). Lifespan's counsel explained that the basis for the privilege asserted "was inadvertently not included on our previous log." Id., Ex. A (Letter from Sherman to Wollin of

---

[1] Discovery closed on June 20, 2008. See Docket (text order of 3/13/08).

7/11/08) at 1. Thus, Lifespan did not provide an essential component of a valid privilege log until July 11, 2008, almost nine months after the production of documents. See Corvello v. New England Gas Co., 243 F.R.D. at 33 ("The privilege log must include 'a detailed description of the documents to be protected "with precise reasons given for the particular objection to discovery."'")(quoting Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Midland Bancor, Inc., 159 F.R.D. 562, 474 (D. Kan. 1994)); id. ("A failure by the party claiming privilege to adequately describe the documents at issue, to sufficiently explain the basis for the privilege, or to assert the privilege in a timely manner, may be grounds for rejecting the claim.")(citing Browne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

Lifespan's explanation for its omission of the required information from its privilege log is essentially the same as its explanation for failing to provide the privilege log in October of 2007, namely "inadverten[ce]." Plaintiff's Mem., Ex. A at 1. While the Court has no reason to doubt Lifespan's representations, the fact that when the privilege log was belatedly provided it lacked essential information hardly helps Lifespan in establishing that it has not waived the privilege as to the documents withheld. See Corvello v. New England Gas Co., 243 F.R.D. at 32 (explaining that the party claiming the privilege "bears the burden of establishing that ... [the privilege] applies to the communications at issue and that it has not been waived")(quoting In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corporation), 348 F.3d 16, 22 (1st Cir. 2003)) (alterations in original).

Third, the privilege log produced on June 23, 2008, contained non-privileged documents which should not have been withheld, a fact which Lifespan's counsel acknowledged in his

July 11, 2008, letter to Defendants' counsel. See Plaintiff's Mem., Ex. A at 1 (identifying eighteen pages of documents). The fact that Lifespan produced these documents only after Defendants' counsel questioned Lifespan's basis for withholding most (if not all) of them detracts from the strength of Lifespan's claim of privilege as to the other documents.

Fourth, there are still documents on the revised privilege log which are not privileged. As noted by Defendants' counsel, Lifespan continues to assert privilege over document "L025461 even though Kimberly Troland, Esq., the author, is [Defendants'] inside counsel." Defendants' Reply Brief in Support of Their Motion to Compel Documents on Plaintiff's Privilege Log" (Doc. #84) ("Defendants' Reply") at 3. The Court fails to see any basis on which a document authored by Defendants' inside counsel could be withheld by Plaintiff on grounds of attorney-client privilege.[2] Similarly, documents between Lifespan corporate officers and/or Board members, without attorney involvement, are not covered by attorney-client privilege as in the case of L025474-79. See Royal Surplus Lines Ins. Co. v. Sofamor Danek Grp., Inc., 190 F.R.D. 505, 513 (W.D. Tenn. 1999)(finding "no attorney-client privilege with respect to ... documents because there was no attorney involved"). Although the revised privilege log also asserts work product privilege as to these documents, the work product doctrine applies to "materials prepared or gathered by an attorney in anticipation of litigation or preparation for trial." United States v. Textron, Inc., 507 F.Supp.2d 138, 148 (D.R.I. 2007). Finally, the fact the document is apparently stamped "confidential" and "subject to attorney-

[2] The response of Plaintiff's counsel to the Court's question at the August 12, 2008, hearing regarding the basis for the claim of privilege as to this document was unpersuasive.

client and work product privilege,"[3] particularly without involvement of an attorney, is not determinative of whether a document is protected. See Royal Surplus Lines Ins. Co. v. Sofamor Danek Grp., Inc., 190 F.R.D. at 517 (finding fact that document bore warning "PRIVILEGED AND CONFIDENTIAL PREPARED IN ANTICIPATION OF AND IN CONNECTION WITH SETTLEMENT DISCUSSIONS" not to be dispositive of whether the attorney-client privilege applies to the document).

In summary, Plaintiff's assertion of privilege is untimely, the privilege log as originally produced was deficient, and the revised privilege log still includes documents which are clearly non-privileged. Given Plaintiff's noncompliance with the prescribed procedure when documents are withheld, Plaintiff has failed to carry its burden of establishing that it has not waived the privilege as to those documents. Accordingly, the Motion is GRANTED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 15, 2008

[3] Defendants note that this information does not appear on Lifespan's privilege log, but rather appears in Lifespan's memorandum in support of its objection to the Motion. See Defendants' Reply at 3 n.1; see also Plaintiff's Mem. at 3.